GLENDENNING ET AL. *v.* STAHLEY ET AL.

[No. 21,596.    Filed March 18, 1910.]

1. APPEAL.—*From Boards of Commissioners.—Final Judgment.— Highways.*—An order of the board of commissioners finding that a proposed highway would be of public utility, and refusing to order the same opened until the damages should be paid by the petitioners, is final and appealable.    p. 677.

2. APPEAL.—*Double.—Overruling of Motion to Dismiss.—Harmless Error.—Highways.*—Where both petitioners and remonstrators appeal from the judgment of the board of commissioners in a highway case, it is harmless error to overrule the remonstrators' motion to dismiss the petitioners' appeal, since the case would have to go to trial on the remonstrators' appeal. p. 678.

3. TRIAL.—*Verdict.—Venire de novo.—Highways.*—A verdict in a highway case showing a finding for the petitioners, and that the petition was signed by twelve freeholders, six of whom resided in the neighborhood, that the proposed highway would be of public utility, and that remonstrators sustained no damages, is sufficient on a motion for a *venire de novo.* p. 678.

4. HIGHWAYS.—*Judgment.—Verdict.*—A judgment establishing a highway should specify its width, but it is not necessary for the verdict to do so. p. 678.

5. HIGHWAYS.—*Judgment.*—A judgment establishing a highway may properly set out the description and width of the highway, as well as directions to the trustee to open such highway and keep it in repair and to the auditor to transmit a copy of such judgment to such trustee. p. 679.

6. HIGHWAYS.—*Instructions.—Public Utility.*—An instruction that if the proposed highway would be of convenience, the mere fact that it would be of greater convenience to one or more persons would not deprive it of its public character or utility, is not misleading where other instructions correctly defined public utility. p. 679.

7. HIGHWAYS.—*Instructions.—Taxation.*—An instruction that a highway is not subject to taxation is correct. p. 680.

8. HIGHWAYS.—*Instructions.—Damages.*—An instruction that in assessing damages for the taking of land for a highway the jury should consider the benefits, if any, and that if the benefits equal or exceed the damages, the verdict should not award any damages, is correct. p. 680.

9. EVIDENCE.—*Burden of Proof.—Damages.—Highways.*—The burden of proving damages is upon the landowner who alleges that he will be damaged by the establishment of the proposed highway. p. 681.

10. HIGHWAYS.—*Instructions.—Damages.—Construction of Fences.*—An instruction that if the fences, the building of which might be required because of the establishment of the proposed highway, would enhance the value of the land as much as such fences cost, no damages should be awarded because thereof, is not commendable. p. 681.

11. HIGHWAYS.—*Damages.*—The damages sustained by the owner of land over which a highway passes is measured by the difference in value before and after the appropriation, all items of

appreciation or depreciation being considered in determining such values. p. 682.

12. HIGHWAYS.—*Instructions.*—*Damages.*—An instruction that if, in the process of time, the proposed road would reasonably bring added benefits to the land, the jury might consider how much the present benefits of the establishment of the proposed highway would be to the tract of land, while not to be commended, is not prejudicial. p. 683.

13. HIGHWAYS.—*Damages.*—*Separate Tracts.*—*Different Owners.* —Damages to differently owned tracts of land, though contiguous and operated under one management, must be separately assessed. p. 683.

14. APPEAL.—*Weighing Evidence.*—The Supreme Court cannot weigh conflicting evidence. p. 684.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Highway petition by Edward Stahley and others, against which Joseph Glendenning and others remonstrate. From a judgment for petitioners, remonstrators appeal. *Affirmed.*

*Peterson & Moran* and *Eichhorn & Vaughn,* for appellants.

*Abram Simmons, Frank C. Dailey, Daniel D. Heller* and *Henry B. Heller,* for appellees.

MONTGOMERY, J.—This is a proceeding to locate, lay out and establish a public highway, instituted by appellees before the Board of Commissioners of the County of Adams. Appellants filed a joint remonstrance, on the ground that the proposed highway would not be of public utility, and separate remonstrances claiming damages. Reviewers were appointed, who reported in favor of the public utility of the proposed road, and awarded damages to each of the appellants. The board thereupon made and entered the following order: "And therefore, after due consideration, the board is of the opinion, and therefore finds and adjudges, that said proposed road is of public utility, but is not of sufficient importance to the public to justify the payment of said damages, or any part thereof so assessed out of the county treasury of this county, and that the same shall not be paid out of the county treasury. The board further

orders that in case said damages so assessed should be paid by the petitioners or others, or deposited by them with the county treasury for the benefit of said remonstrators in favor of whom said damages are so assessed, or upon a release of the same or thereto in writing, filed with the auditor of the county, then and in that event if said road shall be ordered located, opened and established on, along, and upon the width of thirty feet, as is provided by law governing the establishment of highways and provided for the payment of damages therefor. It is further ordered and adjudged by the board that said highway shall not be opened, used or worked until the damages assessed and heretofore set out shall be paid to the person entitled thereto by the petitioners, or some one of them paid or by them deposited in the county treasury for such remonstrators' use or consent thereto in writing filed with the auditor of the county."

Appeals from this order were taken to the Adams Circuit Court, by both appellees and appellants. The venue was changed, upon application therefor, to the Wells Circuit Court, where a trial by jury resulted in a verdict in favor of the public utility of the proposed road, and denying to appellants any damages.

It is alleged that the trial court erred in overruling appellants' motions, (1) to dismiss appellees' appeal to the circuit court, (2) for a *venire de novo*, (3) for a new trial, (4) in arrest of judgment, and (5) to modify the judgment.

During the trial and at the close of the introduction of evidence on behalf of appellees, appellants filed a motion to dismiss appellees' appeal, the ground of the motion 1. being that no final decision of the board of commissioners had been made prior to the taking of such appeal. The order hereinbefore set out is unskilfully drawn, and seems to contain clerical errors affecting its grammatical sense, but it finally determined the public utility of the proposed road, and the amount of damages which appellees or others interested in the road should pay if it was to be

recorded and opened as a public highway. Appellees were aggrieved by the award of damages made in favor of appellants, and desired to appeal therefrom and contest in the circuit court the question of benefits and damages. No further proceedings or order was contemplated until after payment of the damages so assessed and allowed, and hence appellees were entitled to prosecute their appeal from this order, notwithstanding the lack of apt legal phraseology in its expression. The order was manifestly not intended as a mere interlocutory decision, and is sufficient in form and substance to justify an appeal. This being true, the overruling of appellants' motion to dismiss appellees' appeal was

2. clearly harmless, since their own appeal from the same order upon the questions of both public utility and damages was not dismissed, and the cause must, at all events, have proceeded to final judgment just as it did upon both appeals.

Appellants moved for a *venire de novo*, on the ground that the verdict is uncertain, indefinite and ambiguous,

3. and does not cover all the issues. The verdict is in the words following:

"We, the jury, find for the petitioners. We further find that the petition is signed by twelve freeholders of Adams county, Indiana, six of whom reside within the immediate neighborhood of the proposed highway and that the proposed highway will be of public utility, and that neither of the remonstrators has sustained any damages."

The verdict clearly covers the issues. The precise route of the proposed road is given in the petition, and the same was laid out thirty feet in width by the viewers. The statute provides that no highway shall be laid out less than

4. thirty feet wide, and requires the order laying out any highway to specify its width. §7663 Burns 1908, Acts 1905, p. 521, §15. The provisions of this statute were fully complied with in the order and judgment of the court,

and it was not necessary that the verdict should include such details. *Rominger* v. *Simmons* (1882), 88 Ind. 453; *Green* v. *Elliott* (1882), 86 Ind. 53, 66, 67.

Appellants' motion to modify the judgment, by striking out so much thereof as sets forth the description and width of the highway, was, for the reason just stated, rightly 5. overruled. The provision directing the proper trustee to cause the highway to be opened and kept in repair, and requiring the auditor of Adams county to transmit a copy of this order and judgment to such trustee, was entirely proper, and afforded appellants no grounds of complaint.

Appellants, in their motion for a new trial, complain of the giving of instruction eleven, by which the jury was advised, among other things, that if it appeared from 6. the evidence that the proposed highway would be of convenience, the mere fact, if true, that it would facilitate the convenience of one or more persons over that of others would not deprive it of its public character or utility. It is insisted that the convenience necessary to the taking of private property for a public use must be the public convenience. This is true, but in this instruction the court was not attempting to give a complete definition of the terms public utility or convenience, as used in connection with the exercise of the power of eminent domain, but the dominant idea here advanced appears to be that if the public utility of the proposed taking is established, then the mere fact that the road will be of special advantage or convenience to certain individuals cannot destroy its public character. This proposition is sound. *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382.

By instructions five and six, given at the request of appellants, the jury was fully and accurately informed as to what facts are necessary to establish such public utility or convenience as will justify the taking of private property for

a public highway, and could not have been misled by the instruction under consideration.

Instruction twelve stated that property appropriated and used for a public highway was not subject to taxation.

7. No substantial ground of complaint in the giving of this instruction has been suggested, and we perceive none. §10257 Burns 1908, Acts 1897, p. 121.

The court gave to the jury the following instruction: "The Constitution of this State provides that no man's property shall be taken by law without just compen-

8. sation, but it is the law of this State, as applied to the location of public highways, that benefits, derived by reason of the laying out of a road, may suffice to constitute just compensation for land taken and appropriated for a road, within the meaning of the constitutional provision requiring such compensation to be made. So in this case, if you find from the evidence that the lands of either of the separate remonstrators will be damaged by reason of the location of the proposed road, or by reason of the appropriation of a part of his real estate for such purpose, or that such remonstrator will be entitled to some compensation for the land so taken; still if you further find that the real estate of such remonstrator would be benefited in a sum equal to or greater than such damages and of the value of the real estate so appropriated, then and in that case such remonstrator should not recover on his claim for damages, and your verdict as to him and on the issue of damages should be for the petitioners."

It is conceded that the first sentence of this charge embodies a correct statement of the law as declared in this State, but it is argued that appellants can only be chargeable with special benefits, and that there was no evidence of any such benefits. Damages are only allowable to such persons as sustain special injury from the laying out and opening of a public highway. If the situation of appellants' lands is such as to entitle them to claim special damages, it

follows infallibly that special means and facilities of ingress to and egress from their premises are afforded, making their benefits in the same sense special, and different from those resulting to the general public. The evidence therefore necessarily showed special benefits, or such benefits as, under the decisions of this State, may properly be allowed to go in reduction or discharge of claims for damages. *Speck* v. *Kenoyer* (1905), 164 Ind. 431.

This instruction is criticised further on the ground that it permits the jury to determine as a matter of fact whether appellants shall be allowed compensation for lands taken, whereas the Constitution guarantees that their property shall not be taken without compensation. This contention is over-critical and without substantial merit. Appellants had filed remonstrances, alleging that they were the owners of certain tracts of land over which the preposed highway would pass, and that a portion of such lands would be appropriated for the use of such road, and the residue would be injured by reason of such appropriation and use. The burden of establishing these allegations devolved upon appellants, and the court would not have been justified in assuming their truth in the absence of an admission thereof by the adverse parties.

The court charged the jury that if it appeared from the evidence that such fences as were required to be built by reason of the opening of the proposed road would enhance the value of the farms as much as the cost of constructing them, remonstrators would not be entitled to anything on this account. This part of the instruction was a literal copy of the language approved by this court in the case of *Fifer* v. *Ritter* (1902), 159 Ind. 8. The abstract proposition embodied in the statement criticised is correct, but when singled out and made the basis of a specific charge, it is liable to be given too much emphasis in the minds of the jury, and cannot be commended. When a part only of a tract of land is appropriated for a public highway,

the proprietor is entitled to compensation for the injury sustained. The damage, if any, is the depreciation in the value of the farm through which the proposed road will pass, and this is measured by the difference between its market value as affected and as unaffected by the improvement, or before and after the appropriation. When the injuries exceed the special benefits, the damages consist of two general elements: (1) The value of the land appropriated, and (2) the diminished value per acre of the residue. In determining the market value of the remaining parcels, it is proper to consider, among other facts and circumstances, the burden of building and maintaining additional fences, imposed on the landowner by the laying out and opening of the way. The question of additional fencing should not be submitted or determined as an independent or ultimate fact, but only in connection with other facts and circumstances given in evidence, tending to enhance or depreciate the value of the property after the construction of the proposed improvement. The measure of damages must not be confounded with the elements of damage. In the case of *Pittsburgh, etc., R. Co.* v. *McCloskey* (1885), 110 Pa. St. 436, 1 Atl. 555, involving an appropriation for a railroad, the court very concisely covered the subject in the following paragraph: "The inconvenience, arising from a division of the property, or from increased difficulty of access, the burden of increased fencing, the ordinary danger from accidental fires to the fences, fields or farm buildings, not resulting from negligence, and generally all such matters as, owing to the particular location of the road, may affect the convenient use and future enjoyment of the property, are proper matters for consideration; but they are to be considered in comparison with the advantages, only as they affect the market value of the land. The jury cannot include in the verdict a fund to cover the costs of fencing, or to provide an indemnity against losses by fire, or casualties to the cattle and stock upon the farm." See, also, *Hanrahan*

v. *Fox* (1877), 47 Iowa 102; *Parker County* v. *Jackson*
(1893), 5 Tex. Civ. App. 36, 23 S. W. 924; 3 Sedgwick,
Damages (8th ed.), §1163.

Complaint is made of the charge in which the jury was
told that if, in the process of time, the proposed road would
reasonably bring added benefits to any particular
tract of land, it might consider how much at this time
the benefit would be to such tract of land by establish-
ing the road petitioned for. This instruction was criticised
for looseness of expression, but the same instruction was held
not erroneous in the case of *Fifer* v. *Ritter, supra.* All dam-
ages and benefits, both present and prospective, to the lands
affected, which are the natural and direct result of the laying
out and opening of the highway, must be determined in this
proceeding. No contingent or speculative damages or bene-
fits can be considered, but only such matters as actually
affect the present worth of the land. The phraseology of
the instruction in question is justly subject to criticism but
the legal principle enunciated is correct.

Appellant George Glendenning owns an eighty-acre tract
of land lying immediately north of the proposed road, and
the twenty-acre tract lying directly south of the same
and south of the road is owned by George Glenden-
ning and his wife as tenants by entirety. Appellants
sought to show the market value of the twenty acres, con-
sidered in connection with and as part of the eighty-acre
tract, as now used and farmed; and also considered in the
same way what its value would be with the highway estab-
lished. The court excluded the offered testimony. It is
settled that in determining the amount of special benefits
or damages sustained by any one proprietor, all land belong-
ing to him lying in a contiguous body and used together for
a common purpose will be considered as one tract or farm,
without regard to governmental subdivisions. *Speck* v.
*Kenoyer, supra,* and cases cited.

This principle cannot be extended to cover lands owned

by different proprietors, although contiguous and used under one management and for a common purpose. Claims for damages in proceedings of this character are personal, and must be asserted in the name of the actual owners of the lands affected. One person may not recover damages sustained by another, and manifestly special damages suffered by one proprietor could not be compensated by benefits accruing to another. The court did not err in sustaining appellee's objections to the questions propounded.

The question of benefits and damages growing out of the location and establishment of a public highway is peculiarly appropriate for the determination of a jury. There 14. was evidence to support the verdict, and the cause appears to have been fairly tried, so that we are not warranted in disturbing the conclusion reached.

The judgment is affirmed.