MARTHA S. TILLMAN *v.* LEWISBURG & NORTHERN RAIL-
ROAD COMPANY.

(*Nashville.*  December Term, 1915.)

1.  **STIPULATIONS.**  Condemnation proceedings.  Agreement.
Effect.

Where, in condemnation proceedings, by agreement the right was
reserved to a co-owner to claim in a future suit incidental dam-
ages to another tract of land, her case in such subsequent suit
must be viewed as if her claim to damages were being urged
in the condemnation proceeding.  (*Post, p.* 556.)

2.  **EMINENT DOMAIN.**  Right to damages.  Separate titles.

Where a wife owned a tract of land, and, together with her
husband as tenant by the entirety, owned a tract across a public
turnpike which was used with individually owned tract, she
could not, upon condemnation by a railroad of a right of way
through the tract owned by her and her husband by the entirety,
recover damages to the tract individually owned by her.  (*Post,
pp.* 556-561.)

Cases cited and approved:  Indiana, etc., R. Co. v. Conness, 184
Ill., 178; Conness v. Indiana, etc., R. Co., 193 Ill., 464; Potts v.
Railroad Co., 119 Pa., 278; U. S. v. Inlots, Fed. Cas., No. 15, 441a;
Leavenworth, etc., R. Co. v. Wilkins, 45 Kan., 674; Southern R.
Co. v. Jennings, 130 Tenn., 450.

Cases cited and distinguished:  Chicago, etc., R. Co. v. Drexel, 110
Ill., 80; Smith County v. Labore, 37 Kan., 480; Glendenning v.
Stahley, 173 Ind., 674.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—A.
G. RUTHERFORD, Judge.

J. M. ANDERSON and LEWIS TILLMAN, for plaintiff.

F. M. BASS, JNO. B. KEEBLE and ED. T. SEAY, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

In this cause a demurrer to the declaration was sustained by the circuit judge, and the court of civil appeals on appeal affirmed the ruling.

In the declaration it was averred that in March, 1896, plaintiff and her husband became the owners as tenants by the entirety of a tract of one hundred and five acres; that in June, 1887, plaintiff became the owner, to her sole and separate use, of a tract of twenty-five acres lying opposite the one hundred and five-acre tract and separated from it only by a public turnpike; that the plaintiff's residence is located on the smaller tract; that the two tracts were and had been continuously used and operated together, or as one farm; and that the residence, barn, and servants' houses situated on the one are supplied with water by means of a reservoir located on the other tract.

It was further averred that the railway company had instituted a proceeding to condemn a strip through the larger tract as a right of way, and that for the value of that strip and for incidental damages to the remainder of that one hundred and five-acre tract plaintiff and her husband, tenants by the entirety, had received payment; but that, under the terms of an

agreement in that proceeding, the right was reserved to plaintiff to claim in a future suit incidental damages to the smaller tract, so individually owned by plaintiff. The present action was thereupon brought for this purpose.

The demurrer set forth two grounds: (1) That plaintiff's land was not shown to be a part of the tract, a portion of which was taken for the right of way; and (2) that the title to land as to which damages are now claimed was in plaintiff, and the title to the one hundred and five-acre tract subjected to the easement was vested in her and her husband, and that, the ownership being thus variant, the claim of damages could not be supported.

In our opinion a decision on the last point will be determinative of the question of liability, and we shall not discuss the first.

As we consider, the case of plaintiff must be viewed as if her claim to damages to the smaller tract were being urged in the condemnation proceeding that affected the larger tract. The damages of the character claimed can only be such as are incident to the taking of a part of the latter tract for a railway right of way.

The authorities are surprisingly few that deal with the question of an allowance of incidental damages to the owner of an adjoining tract where the title-holding of the same is not identical with that of the lands affected by the actual condemnation-taking, both of which tracts are claimed to be actually used as one.

In *Indiana, etc., R. Co.* v. *Conness,* 184 Ill., 178, 56 N. E., 402, it was held, where a strip of land was condemned wholly within a quarter section owned by a person in fee, that the owner might also recover for injury to his interest as a tenant in common of a remainder estate in an adjoining quarter section. On a second appeal of the case, the interference with the operation of the two sections as one farm was urged as a ground of relief (*Conness* v. *Indiana, etc., R. Co.,* 193 Ill., 464, 62 N. E., 221), and it was further held that the jury could not take into consideration the fact that the right of way would divide the two sections so as to render difficult of access to the owners of the quarter held in fee to wells and buildings, located on the quarter in which his interest was one as tenant in common in remainder. It was said that the jury must not take into account the fact that the right of way divided the two interests, but must consider each as if they were standing alone, or "as if the other of the two interests belonged to an entire stranger." Yet a judgment for some damage to the untouched quarter section was allowed to stand, but that appears to have been based on a provision of the Constitution of Illinois, and this particular ruling makes the case an inapplicable precedent in this State.

In *Chicago, etc., R. Co.* v. *Dresel,* 110 Ill., 89, it appeared:

Dresel was in the possession of lots two to fifteen, inclusive, cultivated by him as a whole as a flower garden. Lots two to nine were held under a lease.

Lots ten to fifteen were owned by him in fee. The strip sought to be condemned was off of the leased lots, and it was attempted to be subjected as a part of a leasehold interest. His residence and barn were upon lots fourteen and fifteen.

Instructions of the trial judge to the jury were approved which went on the theory that if the lots had a special capacity, as an entirety, for the purpose of flower gardening, and were so used, Dresel could recover for depreciation of the value of the whole for the residue of the lease term. The court said:

"Appellant proposed to take a portion of the lots held by the lease. If by so doing the market value of the whole track was lessened during the two years which appellee had the right to hold and use the same, to that extent he was damaged, and while no part of the lots he owned in fee was taken, still, by the taking, as his property held in fee and by lease was damaged, he, in justice, ought to be entitled to recover so far as the market value of his property was depreciated."

See, also, in the same connection, *Smith County* v. *Labore,* 37 Kan., 480, 15 Pac., 577.

*Glendenning* v. *Stahley,* 173 Ind., 674, 91 N. E., 234, dealt with a claim of damages incident to the laying out of a public highway. Glendenning owned an eighty-acre tract lying immediately north of the highway, and he and his wife as tenants by entirety owned a twenty-acre tract lying directly south of the road. It was sought to show the market value of the twenty

acres, considered in connection with, because used along with, the eighty-acre tract, as at the time farmed. The trial court excluded the offered testimony, saying:

"It is settled that, in determining the amount of special benefits or damages sustained by any one proprietor, all land belonging to him lying in a contiguous body, and used together for a common purpose, will be considered as one tract or farm. . . . This principle cannot be extended to cover lands owned by different proprietors, although contiguous and used under one management and for a common purpose."

In *Potts* v. *Railroad Co.*, 119 Pa., 278, 13 Atl., 291, 4 Am. St. Rep., 646, the land condemned was the individual property of Potts, while the second tract was the property of Potts and another as tenants in common. Held that, notwithstanding a claim of a common use, the assessment of damages should be confined to the lot a portion of which was taken for the railroad's use; "the fee was held and owned by different persons; neither of them could be considered as appurtenant to, or part and parcel of, the other."

Where a leasehold estate was condemned, a claim for damages by the lessee in respect of property owned by him individually, separated from the condemned property by an alley, but used by him in connection with that property in the conduct of his business, was denied. *U. S.* v. *Inlots,* Fed. Cas., No. 15, 441a.

The case of *Leavenworth, etc., R. Co.,* v. *Wilkins,* 45 Kan., 674, 26 Pac., 16, relied on by appellee railway

company, went off on a question of pleading without the court reaching the particular question of substantive law now under consideration. The case of *Smith County* v. *Labore,* supra, was cited, but its ruling on the immediate question was not disapproved.

We think the better rule is that announced in the Indiana and Pennsylvania cases.

In the case at bar we think it quite manifest that plaintiff's claim cannot be supported on principle. The two tracts are held by different titles vested in different persons. Separate condemnation proceedings would be required to condemn a right of way over them, and separate suits would have to be brought for damages by the distinct owners against an appropriator for injuries done the tracts. When we look upon a condemnation as a compulsory sale, made for the parties by the law (*Southern R. Co.* v. *Jennings,* 130 Tenn., 450, 171 S. W., 82), the law thus would bring the railway in confrontation with two distinct ownerships.

Assume that the plaintiff, Mrs. Tillman, were the owner, as tenant in common, of a one-tenth undivided interest in the larger tract. May it be held that a condemnation affecting that small interest would support the claim here urged for damages done to the entire tract solely owned by her? If so, other such tenants in common owning contiguous tracts individually could do so in like manner, and it is conceivable that if the right of way were taken out of a small boundary so owned in common, surrounded by large

tracts severally owned by the tenants in common, enormous damages could be collected from the condemnor under the rule contended for by the appellant.

Let the attitude of the case be reversed, by supposing that plaintiff's individually owned tract had been specially benefited by the construction of the railway over the adjoining tract, but that the balance of the larger tract was incidentally damaged. Would it be either fair or sound to hold that this incidental damage should be offset by the benefits accruing to the smaller tract? Would it not be an abundant reply that mutuality of parties or ownership was lacking to justify such a set-off? We think so.

We think the case has been properly disposed of. Writ of *certiorari* denied.

NEIL, C. J., being incompetent, took no part in the decision in this case.