CITY OF WILLIAMSTOWN, Kentucky, a Municipal Corp. of the Fifth Class of Grant County, Kentucky, et al., Appellants,

v.

Robert WALLACE et al., Appellees.

Court of Appeals of Kentucky.

June 6, 1958.

As Modified on Denial of Rehearing Oct. 24, 1958.

L. M. Ackman, John J. Blackburn, Williamstown, for appellant.

Orie S. Ware, James C. Ware, E. H. Walton, Covington, W. F. Threlkeld, Williamstown, for appellee.

STANLEY, Commissioner.

This is an appeal from a judgment for $9,295 in an eminent domain proceeding to take land for a city reservoir. The jury awarded $5,700 for 19.64 acres taken and direct damages to the remainder of a 67 acre tract owned by the appellee, Robert Wallace. An award of $3,595 was made as incidental or consequential damages to the remaining 47.36 acres under an instruction, which provided for the finding of any damages in excess of any enhancement in value of the property by reason of the prudent construction of the lake.

The evidence varies greatly as to the market value of the 19.64 acres on

which there were a dilapidated dwelling house used for storage purposes, a barn and a cistern. Some witnesses placed the value larger and some smaller than the verdict. Considering all the evidence, we cannot say that the verdict of $5,700 on this account is so excessive as to require the application of the law under which this court reverses a judgment upon that ground.

The facts on which the award of incidental damages was based present an unusual case. The appellee's wife, Mrs. Ora Marie Wallace, owned a 65 acre tract adjoining his 67 acres. Both tracts were used and operated by Wallace as a unit. A branch divided the two, but easy access from one to the other was always available. The family residence and main buildings of the farm are on the wife's land. It appears that other than the immediate and direct crossing from one to the other tract there was a paved county road connecting them. The construction of the lake has severed the two tracts and cut off access by the county road. The appellee's evidence is that the lake makes it necessary for him to travel out to U. S. Highway No. 25, thence through the City of Williamstown, thence back from the highway, a distance of about seven miles, between his and his wife's residence and his remaining 47.36 acres. This renders it practically impossible to operate the two tracts as an integrated farm. However, by the permissive use of 300 feet of a private lane or way owned by a neighbor, there is a shorter way. There was considerable evidence that the building of the lake had greatly enhanced the value of appellee's land. This was based upon sales of lots and sites by other riparian owners. The only evidence of incidental damage which the jury found exceeded the enhancement was the severance from the wife's property upon which the appellees live. Therefore, the real claim is of damages for severance and the resulting inconvenience. Attention is focused upon the fact that the appellees' residence site is no part of the tract from which the condemned land is taken. There would seem to be no difference if the owner lived in town and the construction of the lake made it necessary for him to travel to and from his farm in a longer and more round about way than he had done before its construction.

"It is, of course, essential to constitute a single parcel that it be owned in its entirety by one owner or one set of owners." Nichols on Eminent Domain, § 14.31[2]. There are several cases in other jurisdictions holding that there must be identical ownership where incidental damages to a parcel of land other than that over which a right of way is condemned was claimed. Notes, 6 A.L.R.2d 1204 et seq. Of special pertinence is Tillman v. Lewisburg & N. Railroad Co., 133 Tenn. 554, 182 S.W. 597, 598, L.R.A.1916D, 259, where part of a farm being operated as a unit was owned by a wife individually and another part was owned by her and her husband as tenants by the entirety. The two parts were separated by a highway. A railroad right of way was condemned over the tract jointly owned and severed one tract from the other. The court held the wife could not recover for injury to her individually owned tract caused by the severance. The court, after reviewing other decisions, particularly Glendenning v. Stahley, 173 Ind. 674, 91 N.E. 234, declared:

"The two tracts are held by different titles vested in different persons. Separate condemnation proceedings would be required to condemn a right of way over them, and separate suits would have to be brought for damages by the distinct owners against an appropriator for injuries done the tracts. When we look upon a condemnation as a compulsory sale, made for the parties by the law * * *, the law thus would bring the railway in confrontation with two distinct ownerships. Assume that the plaintiff, Mrs. Tillman, were the owner as tenant in common, of a one-tenth undivided interest in the larger tract. May it be

held that a condemnation affecting that small interest would support the claim here urged for damages done to the entire tract solely owned by her?"

In absence of any competent evidence of incidental damages to the remaining part of Mr. Wallace's land, we think it was error to submit the question of such damages to the jury. That part of the judgment for $5,700 for compensation for land taken and direct damages to it is affirmed. That part for $3,595 for incidental damages is reversed.

Affirmed in part, reversed in part.

MILLIKEN, J., not sitting.