Morel B. JONES and Lawrence L. Jones, III, Appellants,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

March 24, 1967.

Lawrence L. Jones, III, H. Wendell Cherry, Louisville, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, Raleigh Jones, Dist. Atty., Dept. of Highways, Randolph A. Brown, Louisville, for appellee.

DAVIS, Commissioner.

Presented on appeal is whether appellants are entitled to have considered as one tract two non-contiguous tracts, from one of which a portion is taken in this condemnation proceeding. The trial judge ruled that the tracts could not be considered as one.

For our purposes, a portion of the facts which were stipulated in the trial court will serve to focus upon the issue at bar; we quote pertinent portions of that stipulation:

"In 1957 the James C. Irvin Co. purchased the John H. Caperton Estate lying south of the River Road and east of Indian Hills Road in Jefferson County, Kentucky.

"The total acreage purchased is divided approximately equally between land suitable for residential use which is situated on a ridge about 100 feet above the ground level and about one-fourth ($\frac{1}{4}$) of a mile south of the River Road overlooking the Ohio River and land not suitable for residential use lying immediately south of the River Road to the beginning of that ridge. * * *

"The bottom land is unsuitable for residential use as it has a body of water situated on it (as indicated on the map), it drains poorly and is extremely susceptible to seasonal flooding from the Ohio River. * * *

"Subsequent to its purchase of the Caperton Estate the James C. Irvin Co. subdivided the homesite property into nine (9) separate residential lots and sold these lots to various purchasers including the Defendants herein. The Defendants were given the opportunity to also purchase a portion of the bottom land for use as a recreational area for fishing and ice skating on the lake situated thereon, for securing earth fill necessary in connection with the construction of their residence and more particularly to hold as a buffer zone between the River Road and their residence overlooking that road in order to insure privacy of their homesite lot.

"All of the bottom land was purchased by the buyers of the homesite lots on a first come, first serve basis. By reason of these Defendants purchasing their homesite and bottom land tracts subsequent to the purchase of such tracts by their neighbors in this subdivision it was not possible to physically connect these two tracts at the time of their purchase and they are, therefore, separated by between 400 to 500 feet. *However, as stated above, the sole use and purpose of the Defendants' bottom land tract is in connection with their residence situated on their homesite tract.*

"The Deed of Restrictions recorded by the Irvin Co. * * * regarding this subdivision, * * * restricts the use of each 'parcel' of land to one residence only. The Deeds to other owners in this subdivision * * * describe their homesite and bottom land tracts as one parcel only. Their actual residences having been constructed upon their homesite tracts, no construction may be placed upon their bottom land tracts by reason of these recorded restrictions.

"The deed from the Irvin Co. to the Defendants describes their homesite and bottom land tracts separately by necessity since they are physically separated and do not have a common closing point.

"However, the restriction prohibiting the use of the land to one residence only prevents these Defendants from using their bottom land in any way different from the use allowed to their neighbors (i. e. for recreation, earth fill and a buffer zone between their homesites and River Road)." (Emphasis added, "Defendants" refers to the present appellants.)

For convenient reference we shall refer to the two parcels as the bottom land and the residential land, as was done in the stipulation. A portion of the bottom land is being condemned; the residential land is not embraced in the taking at all.

■ The general rule of law applicable is not seriously disputed between these litigants. The accepted rule is accurately stated in 27 Am.Jur.2d, Eminent Domain, Section 315, p. 136:

"Even if the owner's land is divided into parts in such manner as might otherwise raise the issue of separateness, if he is devoting the parts to a single use, and they lie in such proximity as to be in effect united by that use into a single property, they will be regarded as a whole for the purpose of assessing damages for the taking of a part."

This rule, discussed in 6 A.L.R.2d 1199, et seq., and in 4 Nichols, Eminent Domain, 3d ed., Section 14.31[1], has not been applied specifically in this jurisdiction, although it has been recognized as the sound rule in appropriate circumstances. See City of Williamstown v. Wallace, Ky., 316 S.W.2d 373; Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851. In its brief here the appellee candidly states: "The Commonwealth agrees that the Unit Rule is based on fairness and equity."

■ It is our view that the appellee has stipulated itself out of the debate. It will be observed that the italicized portion of the stipulation, quoted above, expressly recites that " * * * the sole use and purpose of the Defendant's bottom land tract is in connection with their residence situated on their homesite tract." It is appropriate to add, we think, that the factual situation warranted the stipulation anyway. We hold that there was such unity of use of the bottom land and the residential land as to make the two parcels one unit for the purposes at hand.

■ It follows, therefore, that the evidence relating to the before and after values of the "unit" (the bottom land and the residential land as an entity) should have been admitted. We find no merit in the appellee's assertion that appellant did not tender evidence along this line. The trial court had ruled in a pre-trial order that such evidence would not be admitted. The appellants appropriately proffered the evidence by avowal without going through the motions of first offering it before the jury in direct contravention of the court's announced ruling.

■ In the county court the commissioners were directed to report awards calculated both ways—that is, by treating the bottom land as a separate unit and then by treating both parcels as a unit. Their award in the latter instance was substantially higher, and the county court based its judgment on the "unit" award. We are unable to agree with the appellee's contention that appellants have failed to demonstrate prejudicial error. It seems to us that appellants were entitled to have the jury consider the impact of the taking upon the entire unit of property.

The judgment is reversed for proceedings consistent with this opinion.

All concur.