CUSTODE D. DI BACCO et al., Respondents-Appellants, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 52335.)

Third Department, January 16, 1975.

*Louis J. Lefkowitz, Attorney-General (Henderson G. Riggs, Ruth Kessler Toch* and *Joseph A. Romano* of counsel), for appellant-respondent.

*Di Fabio & Couch (Leslie F. Couch* of counsel), for respondents-appellants.

GREENBLOTT, J. Claimant Custode Di Bacco was, from 1942 until 1967, the owner of the property in question consisting of approximately 18.8 acres by virtue of a deed from her husband. The property had been continuously operated as a family farm since 1933 on which vegetables and flowers were grown for sale at retail and wholesale. In 1967, Custode Di Bacco divided the property by conveying to her sons, the claimants, William, Orlando, Richard and Anthony Di Bacco, approximately 6.8 acres from the northerly portion of the property on which were situated a number of greenhouses, some storage buildings, and a retail store operated by the sons in connection with their farm. Custode Di Bacco retained approximately 12 acres. The northwest corner of this remainder was the site of her home which she shared with one of her sons; the rest was cultivated by her sons in connection with their farming operations for which they paid an annual rental of $500.

In 1969 the State made three takings in fee and a taking for an easement. One fee taking consisted of a .15-acre strip from the property's northern terminus. The other fee takings consisted of .57-acre at the southeast corner of the sons' land, and all of the mother's land save the homesite, consisting of approximately 11.7 acres. These latter two takings were contiguous. As the trial court found, these latter two takings absorbed the bulk of the growing portion of the farm. Agreeing with claimants' appraiser that the farm should be valued as a single unit despite the differences in actual title, the court awarded direct damages based on a highest and best use before the taking of farming and, since this use was no longer possible after the taking, it awarded consequential damages for the greenhouses ($13,500) and the store ($3,500).

On this appeal, the State urges that the award to the sons of consequential damages, based on a taking of land not owned by them, was erroneous as a matter of law. This argument is based on the contention that since the sons' leasehold was for only one year at a time, they did not have a sufficient property interest to entitle them to consequential damages. We disagree. The *de facto* unity of use of the two parcels is not disputed, and while the leasehold was technically short term, there is adequate

basis for a finding that, given the relationship of the fee holders and the continuous use for more than 34 years as a family operation, the certainty of annual renewal was sufficient to invest the sons with a much greater interest in the property than a stranger with a short-term lease might have. The veil of separate ownership of two parcels which have a unity of use in fact has in the past been pierced when the relationship of the owners is such as to make such a procedure appropriate. As we said in *Guptill Holding Corp.* v. *State of New York* (23 A D 2d 434, 437), " it would be contrary to common sense and the rule of just compensation to conclude anything but that the two tracts should be treated as one for the purposes of severance damages in this particular case. * * * The paramount constitutional requirement of just compensation must be allowed to prevail over the niceties of legal title advanced by the State ". We also note that the State has not hesitated in the past to urge that separate parcels be treated as a single economic unit notwithstanding technically divergent ownership upon comparable facts, where the effect would be to show that there were no consequential damages in fact (see *Red Apple Rest.* v. *State of New York,* 27 A D 2d 417). Here, the sons were deprived of a leasehold in land over which they had control sufficient in the view of the trial court to give them a property interest, the deprivation of which entitled them to consequential damages. In taking that view, in our opinion, the trial court did not err.

Claimants in their cross appeal contend that the award was inadequate. We find no merit in this contention since neither the award nor any of its components were outside the range of testimony.

The judgment should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.