■ In the Matter of the City of New York, Respondent, Relative to Acquiring Title to Real Property for a Project Known as York College Urban Renewal, Stage I, in the Borough of Queens. Allied Stores of New York, Inc., Appellant. In the Matter of the City of New York, Respondent, Relative to Acquiring Title to Real Property for a Project Known as York College Urban Renewal, Stage II, in the Borough of Queens. Allied Stores of New York, Inc., et al., Appellants.—In condemnation proceedings, (1) the claimant in the first above-captioned proceeding appeals from so much of a fourth separate and partial final decree of the Supreme Court, Queens County, dated May 3, 1973, as failed to award it consequential damages for the taking of certain damage parcels known as the Gertz Employees' Parking Lot, and (2) claimants in the second above-captioned proceeding appeal from so much of an eighth separate and partial final decree of the same court, dated April 24, 1973, as failed to award them consequential damages for the taking of certain damage parcels known as the Gertz Customers' Parking Lot. Fourth and eighth separate and partial final decrees affirmed insofar as appealed from, with one bill of costs. In these condemnation proceedings, the lessee of a department store, and an affiliate, claim consequential damages to the leasehold arising from the taking of

parking lot parcels which they owned and used in connection with the store, but which were not contiguous thereto. No part of the leased premises was taken. The Special Term properly rejected the claim on the ground that claimants did not establish the requirement of unity of title or ownership (see 4A Nichols, Eminent Domain [3d ed], § 14.31[2], p 14–416) as that requirement has been interpreted (see *New York Tel. Co. v State of New York,* 169 App Div 310, 322; *State ex rel. La Prade v Carrow,* 57 Ariz 429). Martuscello, Latham, Cohalan and Hawkins, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the fourth and eighth separate and partial final decrees insofar as they are appealed from and to remand the proceedings to Special Term for the purpose of determining the damages, if any, sustained by the claimants arising from the taking of parking lot parcels used in connection with a certain business, but not contiguous to the premises on which the business was conducted, with the following memorandum: Claimant Allied Stores of New York (Allied) operates the Gertz Department Store in Queens under a lease which began in 1951 and expires in 1981; an option of renewal until 2006 is contained within the lease. The City of New York took title in these proceedings to the customers' parking lot and to the employees' parking lot used in conjunction with the department store. The lots were located approximately 500 feet from the store. The customers' parking lot was owned by an affiliate of Allied, claimant Alstores Realty Corporation; the employees' parking lot was owned by Allied. The issue is whether the claimants are entitled to consequential damages arising out of the condemnation of the lots. The Special Term held that such damages were not recoverable because the claimants did not establish unity of ownership of the parcels under consideration. The court found that the principle of unity, though broadened by recent decisions to permit payment of compensation in cases involving equitable ownership or close control, could not be extended to sanction recovery where one claimant is the lessee of one parcel and the owner of another, and an affiliate is the owner of a third. With this view I differ. In matters of appropriation under eminent domain, the concept of unity has several meanings—unity of ownership, unity of use and unity by contiguity. Each meaning serves a distinct purpose. The idea of unity of use addresses the question of whether the appropriation of one parcel, separated from another not appropriated, requires the payment of compensation because of loss suffered by the second due to the taking of the first. The concept of unity by contiguity is but an aspect of the concept of unity of use. It means, usually, that damages resulting from a severance of one parcel from another through condemnation cannot be recovered unless the parcels are contiguous. However, the modern rule is that if there is an integration in fact of the two parcels arising out of a common enterprise operated on both, damages may be recovered *(Strong v State of New York,* 38 AD2d 241, 243; *Erly Realty Dev. Corp. v State of New York,* 43 AD2d 301, 304; see, also, *City of Los Angeles v Wolfe,* 6 Cal 3d 326; *Masheter v Boehm,* 34 Ohio App 2d 43; *Jones v Commonwealth,* 413 SW2d 65 [Ky]; *McLennan County v Stanford,* 350 SW2d 208 [Tex]). Here, the proof establishes that the department store and parking facilities were parts of the common enterprise. In today's merchandising market, shopping centers present obvious sources of competition to a department store operating within the confines of city streets and the competition can be met only if convenient parking areas are provided by the store within reasonable proximity. Hence, I see no barrier to an award of compensation, if otherwise proper, because the enterprise is located on separate parcels within reasonable proximity, as here. The concept of unity

of ownership addresses itself, on the other hand, to the question of whether each parcel must be owned by the same owner. The present view evolving through the effect of changing factors over the years is that unity of ownership is not an absolute prerequisite for the recovery of compensation; the test is again whether, in truth, there is a common enterprise represented in the form of one or more owners *(Guptill Holding Corp. v State of New York,* 43 Misc 2d 631, affd 23 AD2d 434, mot for lv to app den 16 NY2d 484; *Erly Realty Dev. Corp. v State of New York,* 43 AD2d 301, 304–305, *supra;* see, also, *State ex rel. Symms v Nelson Sand & Gravel,* 93 Idaho 574; *Sauvageau v Hjelle,* 213 NW2d 381 [ND]; *City of Stockton v Ellingwood,* 96 Cal App 708). The courts look to the degree of control possessed by the one ownership over the other. Here, the proof makes clear that the owners of the parcels under scrutiny are in fact the same; they are affiliates (or subsidiaries) of a parent corporation and there are no third parties holding an interest in the parcels. Nor does the proof indicate that the quality of the interest (i.e., the leasehold of the parcel on which the department store stands) is so slight or diluted that it should be disregarded. A lease in itself has been considered to constitute an interest in land cognizable under the concept of unity of ownership *(Di Bacco v State of New York,* 46 AD2d 461; see, also, *State ex rel. La Prade v Carrow,* 57 Ariz 429; *Board of Comrs. of Smith County v Labore,* 37 Kan 480; *Chicago & Evanston R. R. Co. v Dresel,* 110 Ill 89). The true issue is whether the expectations under the leasehold linked with the fee title of the land appropriated are so substantial as to justify an award for the damages occasioned by the appropriation. Here the lease had originally a term of 30 years, and provided an option of renewal of 25 more years—or until 2006; it may hardly be argued that it does not reflect a substantial interest in land. In the context of this appeal, the rule of unity should not be interpreted as an imperative. In its aspects of ownership, use and contiguity, it should rather be weighed more as a cautionary than an absolute precept, in accordance with its purpose to bar windfalls benefiting strangers to the land appropriated. There is in this case, however, no stranger to the land appropriated. The claimants contend that the damages sustained may be computed from the evidence in the record; the city, nevertheless, contends that the evidence is so speculative that damages may not be awarded. I do not believe that we should reach the proof of damages, for the Special Term rejected the claim here advanced on the law and not on the inadequacy of the proof. I vote, accordingly, to remand the proceedings for the purpose of determining the damages, if any, sustained by the claimants under the circumstances.