■    EQUIPMENT FINANCE, INC., Respondent, v SELECTED MEAT PACKERS, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 26, 1976 in Albany County, which granted partial summary judgment to plaintiff. State Equipment Corporation, a New York corporation, entered into a security agreement with defendant whereby defendant agreed to pay a certain amount for the purchase of an excavator. This security agreement was then assigned by State Equipment Corporation to plaintiff, a Pennsylvania corporation. When defendant failed to pay pursuant to the agreement, the excavator was repossessed and sold and plaintiff commenced this action to recover a deficiency balance due. Defendant raised the defense that section 1312 of the Business Corporation Law precludes plaintiff from maintaining this action. Plaintiff moved for summary judgment and the court at Special Term granted plaintiff partial summary judgment holding that the action could be maintained. This appeal ensued. In support of the motion an affidavit of a vice-president of plaintiff was submitted which established on its face plaintiff's entitlement to seek a deficiency judgment against defendant. Plaintiff having made a prima facie showing, it was then mandatory upon defendant to come forward with evidentiary facts demonstrating the existence of triable issues of fact *(Milstein v Montefiore Club of Buffalo,* 47 AD2d 805; *Holdridge v Town of Burlington,* 32 AD2d 581). The only affidavit submitted in opposition to the motion was that of defendant's attorney. He stated therein that he was advised by a member of the State Equipment Corporation that the plaintiff is the parent corporation of 13 branches of State Equipment Corporation and that plaintiff is the alter ego of State Equipment Corporation. The attorney's allegations, by his own admission, are based upon statements made to him by someone else and, therefore, exhibit a lack of personal knowledge on behalf of the attorney. These allegations made without personal knowledge lacked probative value and must be disregarded *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Di Sabato v Soffes,* 9 AD2d

297). The defendant's failure to sufficiently demonstrate any triable issue of fact in regard to plaintiff's right to maintain this action, necessitates the conclusion that the granting of partial summary judgment to plaintiff at Special Term was proper. Consequently, the order should be affirmed. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.