■ THOMAS F. LUTHER et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 50665.)—Appeal from so much of an order of the Court of Claims, entered July 27, 1976, as denied defendant's cross motion

to strike certain parties. In 1945 the United States leased certain portions of a large wooded tract of land in the Towns of Malta and Stillwater in Saratoga County. The leased area was a portion of a larger area known locally as the Luther Forest, and it became known as the Malta Test Station and was used for research and testing of sophisticated weaponry. On March 3, 1955 the United States, through the exercise of its power of eminent domain, took from the Luther family a fee interest in a tract containing some 165 acres, a perpetual and assignable easement for roadway purposes in a tract of 8.57 acres, a perpetual and assignable easement for powerline purposes in a 5.19-acre parcel and a perpetual and assignable easement for the establishment, operation, maintenance and use of a safety area in, on, across and over some 1,819.80 acres. In 1962 the General Services Administration issued a notice of surplus determination stating that the fee and easements were "available for disposal" in accordance with Federal regulations. The State of New York, acting on behalf of its Atomic and Space Development Authority, the predecessor of the New York State Energy Research and Development Authority, purchased the fee and easements at a public sale in 1963 and the property was conveyed to the State by quitclaim deed dated February 4, 1964. In August of 1968 the State appropriated the Luthers' remaining interest in a 273-acre plot and a 7.64-acre plot from a part of the safety area. On February 18, 1969 Thomas F. Luther and Margaret C. Luther, individually and doing business as the Luther Company, and William R. Mackay and Carol L. Mackay, individually and doing business as the Lumac Company, filed a claim against the State seeking direct and consequential damages due to the taking. Proceedings in connection with this claim were suspended pending the outcome of an action commenced on August 5, 1972 by William R. Mackay, as executor and trustee, and Carol L. Mackay, as executrix and trustee, under the last will and testament of Thomas F. Luther, deceased, and Margaret C. Luther against the State of New York and its authority, pursuant to article 15 of the Real Property Actions and Proceedings Law, wherein a declaration that the safety area easement had been abandoned and terminated was sought. That suit was terminated when summary judgment in favor of the defendant was granted (*Mackay v People*, 75 Misc 2d 851, affd 45 AD2d 900, mot for lv to app den 35 NY2d 644). Thereafter, when claimants moved to restore their claim to the Trial Calendar, the State cross-moved to strike as parties William R. Mackay and Carol L. Mackay, individually and doing business as Lumac Company, and Thomas F. Luther and Margaret C. Luther, doing business as the Luther Company. Denial of the State's cross motion brought on this appeal. The State contends on appeal that the parties sought to be stricken have no interest in the appropriated property and that, therefore, the court erred in denying its motion. This contention is bottomed upon the fact that a title examination of the appropriated property establishes that it is owned in fee by Thomas F. and Margaret C. Luther and upon the additional fact that in the article 15 proceeding only Margaret C. Luther and the representatives of Thomas F. Luther, deceased, were claimants. However, this contention overlooks significant factors. According to the record, the Luther Forest is an area of over 5,100 acres and has been continually managed by the Luther family and its companies for many, many years. While the parties sought to be stricken admittedly have no title in the property appropriated, they do own property within the Luther Forest. Moreover, Thomas F. Luther and Margaret C. Luther were bother and sister. Carol Mackay is the daughter of Thomas, and William R. Mackay is her husband, and the family has conducted a family forestry

business for many years within the Luther Forest which included the harvesting of timber as well as a long-established reforestation program. Thus, according to the claimants' contention, though there might not be a unity of interest in title to the appropriated property, they should not be ousted as parties before there has been an opportunity to fully develop the facts at trial. We agree. The fact that neither of the Mackays nor their company have apparent title in the appropriated lands is not fatal to their claim because here the claimants have alleged a *de facto* unity of use and a relationship by blood and marriage. As we stated in *Di Bacco v State of New York* (46 AD2d 461), the veil of separate ownership of two parcels which have a unity of use in fact has in the past been pierced when the relationship of the owners is such as to make such a procedure appropriate. We had previously held in *Guptill Holding Corp. v State of New York* (23 AD2d 434, 437) that: "Whether it be said that the rule of unity of title or ownership is being relaxed, or that the close control proven in this case is being equated to unity of ownership, we find that it would be contrary to common sense and the rule of just compensation to conclude anything but that the two tracts should be treated as one for the purposes of severance damages in this particular case. It would appear to us that the paramount constitutional requirement of just compensation must be allowed to prevail over the niceties of legal title advanced by the State." (See, also, *Erly Realty Dev. v State of New York,* 43 AD2d 301, mot for lv to app den 34 NY2d 515.) It is readily apparent from a review of the record here that this claim involves complicated and complex issues and included among them are questions of fact as to whether or not there is a sufficient unity of use demonstrated so as to support an award of severance damage to those claimants who have no interest in the title to the appropriated property. Accordingly, the order of the Court of Claims must be affirmed. Order affirmed, with costs. Kane, J. P., Mahoney, Main and Larkin, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The parties sought to be removed have failed to demonstrate any interest in the appropriated properties either individually or in their representative capacities other than as executors or trustees for Thomas Luther, deceased. The affidavit submitted to the trial court in opposition to the motion to dismiss was executed by counsel for the Mackays. He alleges that 900 acres of properties owned by William and Carol Mackay may be affected consequently by the taking of property owned by Thomas F. Luther. He further states that the Luther and Lumac Companies manage and lumber the forest and these are family-operated companies. The motion to strike was improperly denied. There has been no showing that these claimants have any property interest in the appropriated property *(Di Bacco v State of New York,* 46 AD2d 461; *Rochester Refrig. Corp. v State of New York,* 25 AD2d 943). The affidavit of counsel in opposition to the motion to strike is made without personal knowledge, lacks probative value and must, therefore, be disregarded *(Equipment Fin. v Selected Meat Packers,* 57 AD2d 1017). The order should be reversed.