OPINION OF THE COURT
Memorandum.
Order affirmed, with costs.
It is not necessary in this case to determine how rigid should be the standards of contiguity, unity of use, and unity of ownership in allowing to the owner or lessor of satellite property taken in eminent domain consequential damages sustained to adjacent principal property not involved in the taking. Even if those standards were to be extended, and perhaps in a proper case they might be, the occasion for such extension does not arise when, as in this case, the claimant was able by purchasing or leasing other properties to duplicate practicably the function previously served by the properties taken. It is not material that the replacement property was somewhat more costly, especially if it were a replacement *967 of higher quality and value, inasmuch as the new acquisition remains an asset of the condemnee. It is evident that too flexible a standard would expose the condemnor unjustly to underwriting uncontrollable risks of business judgment and economic events of the future.
Concretely applied to this case, if in fact the claimant’s department store were deprived of any automobile parking facilities for its customers and employees, in this day of shifting of commerce away from urban commercial districts to less urban shopping centers, then an argument for consequential damages applying more flexible standards would have been presented. Since, however, claimant was able, practicably, even at some greater capital investment, to replace the parking lots with a parking garage even closer to its department store, the more traditional standards should apply.
The thoughtful dissenting opinion at the Appellate Division relied on authorities which in large measure involved takings which inferentially left the uninvolved property deprived of substantial economic value because of irreplaceable loss of satellite properties (see, e.g., Di Bacco v State of New York, 46 AD2d 461; Erly Realty Dev. v State of New York, 43 AD2d 301, 303-305; Guptill Holding Corp. v State of New York, 23 AD2d 434, mot for lv to app den 16 NY2d 484). That, as noted, was not the situation here.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.