■ WALTER STARBO, Appellant, v PATRICK J. RUDDY et al., Respondents, and ANTONIO SILVA et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered September 28, 1977 in Broome County, which granted a motion for summary judgment dismissing the complaint as against defendants Patrick J. Ruddy and S. M. Putcha. This is a malpractice action against three medical doctors and the hospital where plaintiff was confined for treatment. On this appeal we are concerned only with the propriety of Special Term's dismissal of the complaint as against Drs. Ruddy and Putcha on the ground that the causes of action were barred by the three-year Statute of Limitations. Plaintiff was admitted to defendant hospital on July 13, 1972 complaining of pain in the area of the right knee. Surgery was performed on July 17, 1972. Dr. Ruddy was the attending anesthesiologist and Dr. Putcha and Dr. Silva performed the surgery. Plaintiff was discharged from the hospital on August 21, 1972. The instant action was commenced on July 30, 1975. The record also demonstrates that plaintiff sustained a pressure burn on his right cheek which has left a permanent scar. It is this condition which plaintiff alleges was caused by negligence of defendants. The record further reveals that after the operation Drs. Ruddy and Silva noticed the pressure area and decided not to call in a plastic surgeon. The following day Dr. Putcha visited plaintiff in his room but did not notice the pressure area, and never visited plaintiff again. He did, however, dictate plaintiff's discharge summary on September 18, 1972. On July 20, 1972 Dr. Ruddy examined the pressure area and directed that ointment be applied. He had no further contact with plaintiff. Dr. Silva continued to treat the plaintiff until his discharge from the hospital. As a general rule in malpractice actions, the cause of action accrues on the date the alleged malpractice occurs (Burwell v Whitmoyer, 56 AD2d 950, 951). Consequently, in this case the date the cause of action accrued would be July 17, 1972 and thus beyond the three-year period, requiring affirmance, unless the "continuous treatment" exception applies (Borgia v City of New York, 12 NY2d 151). As to Dr. Putcha we are of the view that the circumstances are not such as to bring the case within the "continued treatment" exception and, therefore, are to affirm. The signing of the discharge summary is an administrative act and not treatment as contemplated by this exception. We now pass to the action against Dr. Ruddy and are also of the view that Special Term must be affirmed. From our examination of the record the only indication that Dr. Ruddy continued to treat the plaintiff within the three-year period appears in the attorney's affidavit. The attorney states therein that "I have supervised the file in the instant case since the inception of the matter [and] am fully familiar with all of the facts and prior proceedings". He further states upon information and belief that Dr. Ruddy instructed the nurse to apply ointment to the pressure area and that the medication continued to be administered during plaintiff's hospitalization. It is well established that an affidavit by an attorney lacking personal knowledge of the facts lacks probative value and should be disregarded (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342; Equipment Fin. v Selected Meat Packers, 57 AD2d 1017). Manifestly, the attorney had no personal knowledge of the treatment rendered by Dr. Ruddy. Consequently, the plaintiff has failed to meet his burden (Di Sabato v Soffes, 9 AD2d 297, 301, revd on other grounds 11 AD2d 981). It is significant that there is nothing in the record by way of a hospital record to establish that Dr. Ruddy's prescribed ointment continued to be administered during plaintiff's hospital stay. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.