■ CADLE COMPANY, Appellant, v J. RICHARD HOFFMAN, Defendant, and CHARLES D. RAICH et al., Respondents. [655 NYS2d 633] —In an action to recover on a personal guaranty of a loan brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMarco, J.), dated August 6, 1996, which denied the motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

The plaintiff is entitled to summary judgment since the speculative assertions by the respondents concerning the New York business activities of the plaintiff failed to raise an issue of fact as to whether the plaintiff is prohibited from maintaining this action pursuant to Business Corporation Law § 1312 (a) *(see, Equipment Fin. v Selected Meat Packers,* 57 AD2d 1017). Absent adequate proof to establish that the plaintiff is doing business in New York, the presumption is that the plaintiff is doing business in its State of incorporation, Ohio, and not in New York *(e.g., Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808; *Great White Whale Adv. v First Festival Prods.,* 81 AD2d 704). Nor should summary judgment be denied based on the respondents' mere hope or speculation that evidence of the New York business activities of the plaintiff sufficient to defeat the motion may be uncovered during the discovery process *(see, e.g., Mazzaferro v Barterama Corp.,* 218 AD2d 643; *Kennerly v Campbell Chain Co.,* 133 AD2d 669).

The defendants also failed to raise any issues of fact regarding the principal amount due, which is established by records of the Federal Deposit Insurance Corporation. During the approximately seven-month period between being contacted by the plaintiff and commencement of this action, the respondents failed to investigate the issue they now seek to raise regarding the amount outstanding, and they may not now be permitted

to rely on their own lack of knowledge to defeat the plaintiff's right to summary judgment (cf., *Meath v Mishrick,* 68 NY2d 992; *Tausig & Son v Providence Wash. Ins. Co.,* 28 AD2d 279, 280-281, affd 21 NY2d 1022; *Fine Arts Enters. v Levy,* 149 AD2d 795). Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.