■ CAPITAL FUNDING SERVICES, INC., Appellant, v FOCUS REAL ESTATE MANAGEMENT, INC., Respondent. [686 NYS2d 104] —In an

action to recover payment for services performed, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated March 10, 1998, as denied its motion for summary judgment on the issues of liability and damages in the principal amount of $26,847.17.

Ordered that the order is modified by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment on the issue of liability and for partial summary judgment on the issue of damages in the principal amount of $17,499.77, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for an immediate trial pursuant to CPLR 3212 (c) to determine the amount of damages in excess of $17,499.77.

The plaintiff is entitled to summary judgment on the issue of liability since the speculative assertions by the defendant concerning the New York business activities of the plaintiff failed to raise an issue of fact as to whether the plaintiff is prohibited from maintaining this action pursuant to Business Corporation Law § 1312 (a) (*see, Cadle Co. v Hoffman,* 237 AD2d 555). Absent proof establishing that the plaintiff is doing business in New York, the presumption is that the plaintiff is doing business in its State of incorporation, Connecticut, and not in New York (*see, Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808). Nor should summary judgment be denied on the "mere hope" that evidence sufficient to defeat the motion may be uncovered during the discovery process (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643; *Jones v Gameray,* 153 AD2d 550, 551).

Based upon the papers submitted, the total amount of damages to which the plaintiff is entitled cannot be determined. We note, however, that the plaintiff is entitled to partial summary judgment in the principal amount of $17,499.77. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for an immediate trial pursuant to CPLR 3212 (c) to determine the amount of damages in excess of $17,499.77. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.