In the Matter of CITY OF ROCHESTER, Appellant-Respondent, v 230 PORTLAND AVENUE, INC., Respondent-Appellant. [705 NYS2d 464] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This consolidated proceeding arises from the takings by eminent domain of two contiguous parcels owned by respondent. Petitioner acquired title to 200 Portland Avenue on December 23, 1992 and to 210 Portland Avenue on November 18, 1993. At the time of the takings, respondent owned a third contiguous parcel, at 218 Portland Avenue. Two additional parcels at 230 and 232 Portland Avenue, separated from 218 Portland Avenue by a lot 50 feet in width, were then owned by the two sons of respondent's president and sole shareholder. All five parcels were used by a single business engaged in the repair and sale of used cars.

At trial, petitioner's appraisers calculated respondent's dam-

ages based upon the values of 200 and 210 Portland Avenue. Respondent's appraiser, on the other hand, calculated respondent's damages based upon the combined values of all five parcels before and after the taking. In making its award, Supreme Court adopted the methodology of respondent's appraiser, although it did not accept his calculation of the value of 210 Portland Avenue. The court awarded respondent $343,356 with statutory interest from December 23, 1992, the date of the taking of 200 Portland Avenue.

The court erred in using the date of the taking of 200 Portland Avenue to calculate the interest due on the awards for both 200 and 210 Portland Avenue. Respondent is entitled to interest on the amount of compensation for 210 Portland Avenue only from November 18, 1993, the date of acquisition of that property (*see,* EDPL 514 [A]). The court also erred in awarding consequential damages based upon the diminution in value of 230 and 232 Portland Avenue resulting from the taking of 200 and 210 Portland Avenue. Generally, such damages may be recovered only if there is unity of title or ownership in the property taken and the property impacted by the taking (*see, Matter of City of New York [York Coll. Urban Renewal, Stage I],* 55 AD2d 615, *affd* 44 NY2d 965; *Erly Realty Dev. v State of New York,* 43 AD2d 301, 304-305, *lv denied* 34 NY2d 515; *Kessler v State of New York,* 21 AD2d 568, 570), and this proceeding does not fall within the "narrowly confined" exceptions to that general rule (*Erly Realty Dev. v State of New York, supra,* at 304; *cf., Di Bacco v State of New York,* 46 AD2d 461, 463; *Guptill Holding Corp. v State of New York,* 23 AD2d 434, 437, *lv denied* 16 NY2d 484). The family relationship between the owners of 230 and 232 Portland Avenue and respondent's president and sole shareholder "does not constitute unity of ownership sufficient to sustain an award of severance damages" (*Kessler v State of New York, supra,* at 570).

We therefore modify the judgment by deducting the amount of interest awarded on the award of compensation for 210 Portland Avenue for the period from December 23, 1992 to November 18, 1993. We further modify the judgment by deducting $72,400, the amount of consequential damages awarded for the impact of the taking on 230 and 232 Portland Avenue, together with the amount of interest thereon.

We have considered the remaining issues raised by the parties and conclude that they are lacking in merit. (Appeals from Judgment of Supreme Court, Monroe County, Lunn, J.— EDPL.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.