# Phillips *v.* Shotts.

### Ejectment.

#### (Decided February 3, 1916. 71 South. 94.)

1. **Appeal and Error; Harmless Error; Evidence.**—Where error was committed in the exclusion of evidence upon the direct examination of a witness, it may be cured by his answers to the same effect upon the cross examination.

2. **Same.**—Where the undisputed evidence showed that defendant was in possession of the land, other than·that in dispute, at a particular time, the exclusion of the evidence relating to his possession of such other land was harmless, as merely cumulative on a fact not in dispute.

3. **Trial; Reception of Evidence; Motion to Strike.**—Where a witness testified several times to a certain fact, without objection, the refusal of the ·court to sustain a motion, made at the close of all the evidence, to exclude such evidence, was not erroneous, as the evidence should have been objected to when the question was asked or the testimony given.

4. **Appeal and Error; Harmless Error; Evidence.**—The admission of evidence tending to show that a defendant exercised acts of ownership over the land was harmless as to him.

5. **New Trial; Grounds; Refusal.**—Where there was a conflict in the evidence as to the defense of payment of the mortgage debt through the fore-·closure of which plaintiff claimed, and also conflict as to the defense of adverse possession, the refusal of the court after verdict to grant a new trial, was proper.·

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Ejectment by T. L. Shotts against J. R. Phillips. Judgment for plaintiff, and defendant appeals. Affirmed.

Testifying as a witness, J. R. Phillips said that the deed was executed by Cummins and wife to him in February, 1899, and the deed was given to him by John Cummins, that Cummins was in possession of the land when he gave the deed, and that witness went in possession after he got the deed. Plaintiff asked the witness this question: "How much did you pay for it?" Objection was sustained, and this further question was asked by defendant: "During that time you claimed to own it?" Witness answered: "Yes, sir; I own it, and have been in possession." Plaintiff objected to the answer of the witness, "I own it," and moved to exclude it, and the court sustained the motion. Defendant then asked the witness: "Have you held it since you

[Phillips v. Shotts.]

bought it claiming to own it?" And witness answered: "I thought I owned it." This answer was excluded on motion of plaintiff's counsel. Defendant's counsel then asked the witness: "Did you recognize Shott's title?" Objection was sustained to this question. It appears that in other parts of the witness' testimony that he stated that he owned the land and did not recognize Shott's title, and that nobody else had been in possession. Plaintiff claimed through a mortgage executed to him in May, 1897, by John and Mary Cummins, foreclosure of said mortgage, and a deed from Shotts to himself on January 2, 1899, under the power contained in the mortgage. Other evidence was introduced showing a foreclosure under power; also a mortgage from D. T. and B. C. Goddard, and a foreclosure of that mortgage. Defendant claimed through a deed from T. L. Shotts and wife to John Cummins executed December 31, 1896, and from Cummins and wife to himself, executed February 21, 1899, together with adverse possession.

A. H. CARMICHAEL, and KIRK & RATHER, for appellant. E. B. & K. V. FITE, for appellee.

ANDERSON, C. J.—(1) The errors complained of in the exclusion of certain statements of the defendant, J. R. Phillips, while a witness upon direct examination, if error, was fully cured by his answers upon cross-examination and which were not excluded.

(2) Assignment of error 2½, as argued in brief, says: "The court erred in refusing to allow the witness Hiram Davis to state who was in possession of the land in the year 1909."

This witness testified that he cultivated the land in dispute the year 1909, and the only objection we find to any of the evidence of this said witness was as to who had the Arnold land that year—quite a different question from the one assigned as error. Moreover, the undisputed evidence showed that the defendant was in possesion of the Arnold land at this time, and the exclusion of this evidence, even if it related to the Arnold land instead of the land in dispute, was without injury, as it was merely cumulative of an undisputed fact.

(3, 4) We cannot put the trial court in error for failing to sustain a motion to exclude the evidence of the defendant that

he made a deed to the land to Haley. In the first place, the witness testified to this fact several times, and there seems to have been no objection whatever at the time, and the motion to exclude this part of the evidence appears not to have been made until the close of all the evidence. If this evidence had been bad, it should have been objected to when the question was asked or when the evidence was given. Moreover, the witness also testified that Haley deeded it back to him, and that he never gave up his possession to Haley, and this evidence was rather beneficial than detrimental to the defendant, as it showed that he was exercising acts of ownership of the land. We have examined all the charges complained of as given for the plaintiff, and find that they are all abstractly correct, and, if they were misleading for not including the possession of the defendant's tenants or in not tacking the possession of the defendant to others, or in any other respect, they could have all been cleared up by counter charges. Indeed, such charges were given at the request of the defendant.

(5) We do not think that the trial court erred in overruling the motion for a new trial, as there was a conflict in the evidence as to the payment of the mortgage debt, as well as to the defendant's adverse possession for ten years, as several witnesses testified that the land was not used or cultivated during some of the time of which defendant claimed to have rented it and had some of it cultivated through tenants.

The judgment of the Circuit Court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE and THOMAS, JJ., concur.