WILLIAM DUGGAN et al., Appellees, v. STATE OF IOWA et al., Appellants.

No. 41196.

 

April 5, 1932.

Thomas & Thomas and Willard F. Russell, for appellees.

John Fletcher, Attorney-general, Maxwell A. O'Brien, Assistant Attorney-general, and Walters & Kepford, for appellants.

 Albert, J.—The west one-half of the southwest quarter of section 34, township 82 north, Range 15 west of 5 P.M., was, at the time in controversy herein, owned jointly and in fee by William Duggan and Mary Duggan, brother and sister. There were a dwelling house, barn, sheds, feed lots, etc., in the southeast corner thereof. Mary Duggan was the absolute owner in fee of an eighty-acre tract lying just west of the first-named tract, to wit, the east one-half of the southeast quarter of section 33 in the same township and range. This eighty was unimproved.

Proper proceedings were instituted for condemnation of a right-of-way for a highway crossing the east eighty-acre tract above described. So far as we are able to determine from the record in the original condemnation proceedings, the west eighty (the Mary Duggan eighty) was not mentioned. The right-of-

way sought to be taken was 100 feet wide and entered this land at the southwest corner of the east eighty, thence went in a northerly and easterly direction, and passed out of this eighty at a point some rods south of the northeast corner thereof. No land whatever was taken for this highway from the west eighty-acre tract.

On the trial in the district court, the court, over proper objections of the defendants, permitted the claimants, despite the different ownerships, to treat these two tracts of land as one farm and measure the damages accordingly. This gives rise to the first question in the case.

The evidence shows that lying immediately west of the Mary Duggan eighty is another eighty owned by William Duggan individually, on which there is also a set of farm improvements in the southwest corner. At the present time and for some years past, the Mary Duggan eighty and the eighty east thereof, owned by William and Mary, have been leased and used as one farm.

The first question raised is whether or not the damages should have been measured, despite the diversity of ownership, by considering the two east eighties as one farm. To justify this method of determining damages, the appellees rely upon Hanrahan v. Fox, 47 Iowa 102; Wolfe v. Iowa R. & L. Co., 178 Iowa 1; Longstreet v. Town of Sharon, 200 Iowa 723.

In the Hanrahan case, supra, certain parties were the owners, jointly, of the northeast quarter of section 23, and one of them was the owner, in his own right, of the northwest quarter of section 24. No such question was raised in that case as in the one before us, and in addition, the condemned right-of-way crossed both tracts of land.

In the Wolfe case, condemnation was sought for a right-of-way for a railroad across an eighty-acre tract of land. One Maybauer, who held the legal title, sold the land on contract to Wolfe & Wolfe. In that case all parties were interested in the same tract of land, and the real bone of contention was as to who were the "owners" thereof within the meaning of the condemnation statute. No such question was involved there as in the instant case.

In the Longstreet case, supra, the town of Sharon was constructing a sewer system and a disposal plant and needed land for an outlet and a disposal plant. Longstreet owned a ten-acre

tract in fee, and he and his wife and one Jones were interested in a thirty-eight-acre tract. A part of this land was crossed by the main sewer leading to, and the other tract crossed by the outlet leading from, the disposal plant. It was urged in the case that there was no authority, under the statute or in law, for the parties to file joint proceedings in condemnation when one of the tracts involved is owned by one of the parties individually. It was also urged that there was a misjoinder of parties plaintiff, and the opinion was that the objection on the ground of misjoinder came too late. We further said in that case, answering an objection that the damages should not have been assessed in a lump sum to both tracts of land, that so long as the jury found the damages to each tract separately, the appellant was not harmed. It further appeared in that case that all parties interested in both tracts were parties to the original proceedings, and the proceedings covered damages to both tracts of land and a part of each tract was condemned.

We have recognized the rule in this state that where a given tract of land is owned by one person and used for a single purpose, the legal government subdivisions of the land are not material. Hartshorn v. B., C. R. & N. Ry. Co., 52 Iowa 613; Ham v. Wisconsin, Iowa & Nebraska Ry. Co., 61 Iowa 716; Cummins v. Des Moines & St. Louis Ry. Co., 63 Iowa 397; Paulson v. State Highway Commission, 210 Iowa 651; Welton v. Iowa State Highway Commission, 211 Iowa 625. But in each of these cases, the ownership of the whole tract was in one or more persons, and we measured the damages on all the different subdivisions combined as one farm.

We have had our attention called to no case, nor have we been able to find one, where a court has squarely held that where two or more tracts of land are involved, separately owned by different persons, they may be combined in one condemnation proceeding. It is quite apparent that the larger the tract of land involved the larger the damages will be, and it is our opinion that where different tracts are involved, owned by different persons, and the improvement touches or affects only one tract, it would be wholly inequitable to allow other parties owning individual different tracts to attach their land to the tract through which the improvement runs and thereby secure damages to which they are not entitled, or thereby share in the damages

suffered by the tract of land through which the improvement runs.

While the court has liberalized the rule and permitted the owner to recover damages not only for that portion of the land through which the improvement is to be constructed but also to recover consequential damages for any other part of his farm, it cannot be further enlarged to give the benefit thereof to adjacent land owners holding independent titles. More than this, the evidence in the case, as before stated, shows that no part of the Mary Duggan eighty was taken for this improvement, and there is no testimony showing that her eighty individually was in any way damaged.

We do not now stop to discuss the question of whether or not, under the Constitution of Iowa and the statutes of the state, an individual landowner no part of whose land is taken for an improvement is entitled to consequential damages, but if we so assume for the sake of this case, there is no showing of any such damages to the Mary Duggan eighty. There was no warranty for the court, therefore, in permitting and compelling the damages to be measured on the whole of these two eighties combined as a quarter section of land. If we assume, without deciding, that she was entitled to consequential damages to her eighty, and the evidence showed such damages, then the defendants were entitled, on their demand, to have damages assessed separately on each eighty-acre tract.

In this case, as in most of these cases, matters which are speculative, remote, imaginary, contingent or uncertain, and which might be considered by the jury as elements in damage, crept into the record, and the defendants asked an instruction warning the jury not to consider such matters. This instruction should have been given. See Welton v. Iowa State Highway Commission, 211 Iowa 625.

The defendants offered the assessment rolls on this property for the purpose of showing the assessed value thereof. That such assessment rolls, when signed by the property owner, are admissible, has been settled in the case of Haggard v. School District. 113 Iowa 486; Welton v. Iowa Highway Commission, supra.

Another instruction, asked on the presumption that the use and purpose of the highway would be lawful and the jury

should assume that the highway would be used in a lawful manner, should have been given. Welton v. Iowa Highway Commission, supra.

For the reasons herein pointed out, the case must be—Reversed.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.