No. 37,652

T. W. McIntyre, *Appellant, v.* Board of County Commissioners of Doniphan County, Kansas, *Appellee.*

(211 P. 2d 59)

Opinion filed November 12, 1949.

*C. W. Reeder* and *Robert A. Reeder,* both of Troy, argued the cause, and were on the briefs for appellant.

*Robert Guier* and *A. O. Delaney, Jr.,* both of Troy, argued the cause, and were on the briefs for appellee.

The opinion of the court was delivered by

Price, J.: This is an eminent domain case and involves the question of compensation for land taken in the laying out of a public road. The facts of the case, material for our purposes, are as follows:

The appellant, T. W. McIntyre, is the owner of an eighty acre tract of land, hereinafter referred to as the west eighty. His wife, Ruby, owns an adjoining eighty acre tract, hereinafter referred to as the east eighty. Certain proceedings were had by the board of county commissioners of Doniphan county for the establishment of a public road and as established and laid out it took approximately one-fifth of an acre from the southeast corner of the west

eighty, owned by appellant, in making a curve to the northeast, after which the road continued directly north completely across the east eighty owned by Ruby, the north and south course of the road being approximately eighty feet east of the dividing line between the two eighty-acre tracts and upon that tract owned by Ruby. Both tracts had been operated together as one farm unit ever since the land was cleared by one Searles, the father of Ruby, and appellant had operated the two tracts as one farm unit for about thirty years. There was no written contractual arrangement between appellant and his wife concerning the operation of the two tracts as a unit. The west eighty is what is known as rich bottom land and the east eighty, belonging to Ruby, is termed rolling or hill pasture land. Appellant and Ruby moved to California and the two eighties were being farmed by their son, who is not a party to this action. The barns, feed lots and water supply are located in the southeast corner of the west eighty, and the remainder of his tract is devoted primarily to the raising of corn and alfalfa. The house and corncrib are located in the southwest corner of the east eighty, belonging to Ruby, and the rest of her tract is devoted chiefly to pasture. Normally two hundred head of livestock are fed and watered on the west eighty and pastured on the east eighty. The public road, as laid out, roughly bisects the one hundred sixty-acre farm unit from north to south, separating barn lot from pasture, the water supply from the pasture land, and cuts between the house and the barn, feed lots and water supply.

Appellant filed a claim with the board of county commissioners in the sum of $14,850. That body allowed him $500, from which award he appealed to the district court. We are advised that Ruby also filed a claim in the sum of $14,850, which was disallowed, and that she has appealed to the district court where the case is still pending.

At the trial in the lower court appellant, over the objection of appellee, was permitted to introduce evidence to the effect that the two tracts had been farmed as a single unit for a period of years, and also evidence showing damage resulting to appellant's tract by reason of interference with the use to which it was put in connection with the tract owned by Ruby. In passing, it may be noted that according to several witnesses the damage resulting to appellant's tract, when considered with Ruby's tract as a single farm unit, on account of the laying out of the road in question varied from $2,500

to $6,000. After the introduction of such evidence the lower court sustained a motion on behalf of the board of county commissioners to strike this evidence of appellant relating to the farming of the two eighties as one unit and relating to damages to appellant's tract because of the construction of the road upon the entire tract and limited the issue to damages to appellant's tract by reason of the roadway constructed only on his tract alone, and in this connection the jury was instructed as follows:

"You are further instructed that evidence has been introduced in this case tending to show that for the past ten or twelve years the T. W. McIntyre tract has been farmed in conjunction with the land owned by Ruby McIntyre and that the two farms were farmed as a single unit. You are instructed that there has been no evidence tending to show the contractural relationship by and between T. W. McIntyre and Ruby McIntyre providing for the farming of said land as a single parcel or unit and that in your deliberations you are to completely disregard all evidence as relates to the Ruby McIntyre farm and evidence which tends to show that the T. W. McIntyre tract was farmed in conjuction with the Ruby McIntyre tract as a single farming unit and any inconvenience which the evidence tended to show resulted from the building of said road to the use of the Ruby McIntyre tract is not to be considered as an element of damages."

The jury returned a general verdict finding for appellant in the amount of $125 and answered special questions as follows:

"1. At what amount do you value the ⅕ acre of land taken for road?  A. $80.00.
"2. What amount of damage has the appellant sustained by reason of necessity of constructing additional fence on the West 80 acres tract?  A. $45.00.
"3. If you find that appellant has sustained any damage on account of the location of the road other than the value of the land taken, state the amount and the items of damage sustained.  A. None."

His motion for a new trial being overruled, an appeal was perfected to this court, and while appellant sets out nine specifications of error really the only question presented to us is the propriety and correctness of the principle of law stated by the lower court in its instruction above quoted.

That the two separately owned tracts had been farmed as a unit for many years is not disputed and from the record before us it probably is an established fact that, considering the use to which it had been put, appellant's tract was diminished in value on account of the road being built across his wife's tract, but the real question is—may the owner of one tract recover for such

alleged damage to his tract on account of the taking of land belonging to *another*—or is his recovery limited to the damage resulting from the taking of a part of *his* tract?

The statutory authority for the condemnation before us, G. S. 1935, 68-106, provides that the county commissioners shall "assess and determine the amount of damages sustained by any person or persons through whose premises the said road is proposed to be established."

Appellant contends the trial court erred in instructing the jury to disregard the evidence showing the use to which his tract had been put in conjunction with Ruby's tract and in effect limiting his recovery to damages sustained solely by the taking of a part of his tract.

The general rule for determining what is just, adequate and fair compensation for land taken is that the owner is entitled to show the best and most advantageous use to which the property may be put and this, of course, takes into consideration its contiguity to and use in connection with land not taken. *Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853; *Saathoff v. State Highway Comm.,* 146 Kan. 465, 72 P. 2d 74; 29 C. J. S., Eminent Domain, § 140, P. 981, § 160, P. 1024. But is the rule so broad as to include damages resulting from the taking of another's land, under those circumstances?

Appellant relies heavily on the case of *Comm'rs of Smith Co. v. Labore,* 37 Kan. 480, 15 Pac. 577 (cited in the note in 29 C. J. S., p. 983) as authority for his contention. In that case a father and two sons each owned a quarter section of land lying together in one body. Under a written contract of copartnership they used the three tracts for raising cattle owned by them in common. A public road was constructed across each tract, the effect of which was to separate a large part of the grazing land from the water supply, thus rendering the use of the land in a body, under the contract, less valuable, thereby lessening the value of each tract. The court held that each owner was entitled to damages for the loss of value as to his own land based on its use in connection with the other tracts under the contract. While there is some language in the opinion which might support appellant's theory, yet in summing up the court said:

"Now it is not necessary in this case, in order to sustain the judgment of the court below, that any one of the Labores should be awarded anything as a tenant or lessee, or anything for any injury done to the land of either of the others. Each originally claimed, and we may consider each as still claiming, damages only for injuries done to his own land."

It is further contended that appellant's interpretation of the Labore case, *supra*, is strengthened by this court's holding in *L. N. & S. Rly. Co. v. Wilkins*, 45 Kan. 674, 26 Pac. 16. However, close analysis of the latter case would indicate that the court merely decided that a cause of action for injuries to land owned by one party could not be joined with an action for injuries to land owned by him and another jointly, and in the fourth paragraph of the syllabus it is held:

"In an action for damages for injuries to lands by reason of the appropriation of a right-of-way for a railroad company across the same, damages must be confined to the tract of land over which the right-of-way is condemned, unless the *owner* has other lands contiguous thereto, and so situated with respect to the same that the value is appreciably augmented by their use in connection therewith as a single farm, and the appropriation of said right-of-way has destroyed or seriously interfered with such use." (Emphasis supplied.)

Counsel have not cited and our independent search has failed to disclose any case squarely in point to the question at hand. However, there is an abundance of general authority in support of the theory upon which this case was tried in the lower court. In 18 Am. Jur., Eminent Domain, § 271, p. 912, we find the following general rule:

"Tracts held by different titles vested in different persons cannot be considered as a whole where it is claimed that one is incidentally injured by the taking of the other for a public use. This is the rule although the owner of the tract taken holds an interest in the property claimed to be damaged, and although the two tracts are used as one."

At 6 A. L. R. 2d, beginning on page 1197, there appears a lengthy annotation on the general subject matter. Several decisions digested therein are helpful in the instant case.

In *Glendenning v. Stahley*, 173 Ind. 674, 91 NE 234, where one tract was owned by a man and his wife as tenants by the entirety and the other was owned by the husband alone the court said:

"It is settled that in determining the amount of special benefits or damages sustained by any one proprietor, all land belonging to him lying in a contiguous body and used together for a common purpose will be considered as one tract or farm, without regard to governmental subdivision. . . . This principle cannot be extended to cover lands owned by different proprietors, although contiguous and used under one management and for a common purpose. Claims for damages in proceedings of this character are personal, and must be asserted in the name of the actual owners of the lands affected. One person may not recover damages sustained by another, and manifestly special damages suffered by one proprietor could not be compensated by benefits accruing to another."

In *Tillman v. Lewisburg & N. R. Co.*, 133 Tenn. 554, 182 SW 597, L. R. A. 1916D 259, where the part of a farm lying on one side of a road was owned by plaintiff individually, but that on the other side was owned by her and her husband as tenants by the entirety, it was held that she could not recover for injury to the tract owned by her individually caused by the location of a railroad across the tract owned with her husband, notwithstanding the fact that the two tracts were and had been continuously used and operated together as one farm and that the residence, barn and servants' houses situated on the one were supplied with water by means of a reservoir located on the other, and the court said:

"The two tracts are held by different titles vested in different persons. Separate condemnation proceedings would be required to condemn a right of way over them, and separate suits would have to be brought for damages by the distinct owners against an appropriator for injuries done the tracts."

In the case of *Duggan v. State*, 214 Iowa 230, 242 NW 98, two tracts had long been leased and used as one farm. The tract through which the location was made was owned by a brother and sister jointly, whereas the other tract was owned by the sister alone, and the question was whether damages for a highway location across one of the tracts should include the injury to the farm as a whole. It was held that damages could be assessed only as to the tract crossed by the location.

It is true that in a great majority of the adjudicated cases the taking was from only one of the tracts used in conjunction with another tract or tracts owned by another but used together as one unit, while in the case before us we not only have a diversity of ownership of the two tracts used and operated as one farm unit, but we also have a taking from each tract in question. However, the same general principle must apply, that is, the pieces of land alleged to be a single tract must be owned by the same party and one owner is not entitled to recover compensation for land taken from him because of alleged damage resulting to that portion of his land remaining on account of the taking of land belonging to another even though, as under the facts of this case, the two tracts had been farmed and operated as one unit. The theory of compensation in eminent domain cases is that the owner is to be compensated fully for all land taken from him, including the diminution in value of that remaining owned by him, but full compensation does not include diminution in the value of the remainder caused by the acquisition of adjoining lands of others for the same undertaking. See Annota-

tion at 170 A. L. R., beginning at page 721; also, *State, ex rel. Wirt, v. Superior Court,* 10 Wash. 2d 362, 116 P. 2d 752.

By the very great weight of authority we think the lower court was eminently correct in ·removing from the jury's consideration all evidence of alleged damage to appellant arising out of the taking of land belonging to another and in limiting the issue of his recovery to the damage he sustained solely on account of the taking of land owned by him.

It therefore follows that the judgment of the lower court must be and the same is hereby affirmed.