80 So.2d 616

**Mrs. T. E. DENNIS**

v.

**J. A. HINES et al.**

I Div. 577.

Supreme Court of Alabama.

May 19, 1955.

Barnett, Bugg & Lee, Monroeville, for appellant.

John M. Coxwell, Monroeville, for appellees.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the Circuit Court of Monroe County, Alabama, in Equity, granting the relief prayed for in a bill of complaint, filed for the purpose of reforming the description in a deed conveying certain described real estate located in Monroe County, Alabama. The bill of complaint was filed by the present joint owners or tenants in common of 240 acres of land against Mrs. T. E. Dennis, who is also a joint owner or tenant in common with the complainants. The deed sought to be reformed is a deed from R. L. Lyon to his wife, Betty J. Lyon, and is dated April 2, 1917, and filed for record on the 6th day of July, 1928.

After the execution of the aforesaid deed, Mrs. Betty Lyon went into possession of all the property of R. L. Lyon. R. L. Lyon died in the year 1931. After the death of Mr. Lyon, Mrs. Betty Lyon wanted to give the home forty to her son, Julian Lyon, and it was discovered that said forty was not included in the deed from R. L. Lyon to Betty Lyon. When it was discovered that the deed did not include the home forty, all of the children of Mr. and Mrs. Lyon except the appellant, Mrs. T. E. Dennis, deeded all of their interest in the Lyon place, consisting of approximately 515 acres of land, to their mother, Betty Lyon.

In 1937, Mrs. Betty Lyon died. In 1931, apparently after the death of R. L. Lyon, Mrs. Betty Lyon leased to Julian Lyon, for a period of 19 years, all of the Lyon land, including the land omitted from the deed sought to be reformed. Mrs. Betty Lyon also deeded to Julian Lyon the forty acres called the home place. Until her death in 1937, the six forties involved in this suit were assessed to Mrs. Betty Lyon, and after her death as a part of her estate. After her death, the appellant collected the rents from Julian Lyon, sold timber, and divided the money equally between the children of R. L. Lyon and Betty Lyon, claiming no extra interest therein until 1952.

Two suits were instituted in the Circuit Court of Monroe County, Alabama, in Equity: One, by Julian Lyon against Mrs. T. E. Dennis to reform the deed with reference to the home forty; and the other, by the present owners, other than Mrs. Dennis, of the six forties to reform the deed with reference to the six forties. Apparently, the suit of Julian Lyon against Mrs. T. E. Dennis was heard first. Upon the agreement of counsel, the evidence taken on the first trial was submitted to the court in the suit involving the six forties.

A demurrer was interposed to the bill of complaint, as amended, in the cause before us, but so far as the record shows, it was never ruled on. In fact, it is admitted that the trial court never entered a formal judgment on the demurrer interposed.

To the bill of complaint, the respondent, Mrs. T. E. Dennis, filed an answer. The answer admits the allegations contained in several paragraphs and denies generally the allegations contained in other paragraphs of the bill of complaint.

As before stated, the evidence taken in the case of Julian Lyon against Mrs. T. E. Dennis, involving what is known or called the home forty, is the only evidence submitted to the trial court in the instant cause. We have examined that evidence carefully and are to the conclusion that it was the intent and purpose of R. L. Lyon to include in the deed to Betty Lyon, dated April 2, 1917, the six forties of land involved in this cause.

The principal argument made by appellant on this appeal is to the effect that the complainants in the court below were guilty of laches in filing their suit to reform the deed, and further, that the bill of complaint shows on its face that the deed from R. L. Lyon to Betty Lyon was a voluntary conveyance and is not subject to reformation by the grantee therein, nor her assignees, or heirs at law.

Parties have the right to try their causes upon such issues as they choose, and judgment must be pronounced in accordance with the issue so made between them. Glass v. Meyer, Son & Co., 124 Ala. 332, 26 So. 890; Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311, and Pridgen v. Shadgett, 244 Ala. 167, 12 So.2d 395.

As before stated, the record before us fails to show that the bill of complaint was tested by demurrer, and, further, that in all material aspects the answer merely denied the allegations of the complaint. Therefore, the only issue before us on appeal is the sufficiency of the evidence to sustain the finding of the trial court. It is true that a copy of the deed from R. L. Lyon to Betty Lyon is attached to and made a part of the bill of complaint, and for aught appearing therefrom, said deed was made in consideration of love and affection. However, the question as to the propriety of a grantee, or those claiming through her, to question the right of the grantee to reform such a deed was not raised in the court below.

We have examined the evidence carefully and as to the issue made by the pleadings. We are clear to the conclusion that the evidence sustains the averments of the bill of complaint. The decision of the lower court is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.