NEWTON KESSLER et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 35387.)

Third Department, July 21, 1964.

*Bleakley, Platt, Schmidt, Hart & Fritz* (*John C. Marbach* and *John F. Minicus* of counsel), for respondents-appellants.

*Louis J. Lefkowitz, Attorney-General* (*Douglas L. Manley* and *Paxton Blair* of counsel), for appellant-respondent.

HERLIHY, J. This is an appeal by the State from awards to the claimants on the grounds that it was improper for the court to combine three separately owned parcels into a single

tract for purposes of valuation and award of damages, and further, that there was no basis to sustain the valuation of the property as a potential subdivision for Summer homes. The claimants cross-appeal on the grounds that the awards were inadequate.

The claimant, Charles Kessler, acquired the original tract of land, and thereafter by conveyances deeded parts thereof to the other claimants. We are concerned here primarily with the awards to Charles, Sylvia and Charlotte, whose lands were contiguous one to another and all of which fronted on a county highway. It might best be described from the text of the Court of Claims decision: "The entire appropriated property sloped towards the lake and had an excellent view thereof. At the time of the appropriation the subject premises were unimproved. Access was had via the county highway. Upon viewing the appropriated property, the Court found it to be an excellent parcel of land and well suited for development as a summer cottage colony."

The court found that the appropriated premises should not be valued as marketable lots to be sold in a complete development, "*but consider[ed] the entire parcel as potential development property.*" (Italics added.) The court then proceeded to value the claimants' properties as a single tract and thereafter allocated this valuation among the claimants by awards based upon acreage and location.

The State in contesting the award, based upon a potential subdivision for Summer homes, sets forth in its brief that it did not contend "that the potential for development was not sufficiently proved but that the particular development proposed, actually nothing but an extremely sketchy and hypothetical plan * * * was too conjectural and speculative".

There appears to be no serious dispute that the property was not developed prior to the appropriation, due to rumors since 1950 that the State was going to acquire the land. Such a continuing probability would of necessity have an effect upon the property. Under such circumstances, to hold that the claimants' land should be valued at raw acreage would be to deprive them of proving what the best and most suitable use of the property was at the time of the actual taking and the Court of Claims was correct in permitting such proof. (*Hazard Lewis Farms* v. *State of New York*, 1 A D 2d 923; *Valley Stream Lawns* v. *State of New York*, 9 A D 2d 149; *Lasko* v. *State of New York*, 14 A D 2d 637.)

We do not, however, agree with the court's theory to "consider the entire parcel as potential development property".

The fact that the total valuation was thereafter allocated among the claimants does not, in our opinion, correct the error.

The law generally seems to sustain the theory that there must be unity of ownership. (*Jonas* v. *State,* 19 Wis. 2d 638; *State Highway Comm.* v. *Fortune,* 77 S. D. 302; *McIntyre* v. *Board of County Comrs.,* 168 Kan. 115; *Duggan* v. *State,* 214 Iowa 230; *Tillman* v. *Lewisburg & Northern R. R. Co.,* 133 Tenn. 554; *Glendenning* v. *Stahley,* 173 Ind. 674; *Conness* v. *Indiana, Ill. & Iowa R. R. Co.,* 193 Ill. 464; see, also, 18 Am. Jur., Eminent Domain, 912, § 271; Ann. 6 ALR 2d 1197, 1204–1205.) This court recently dealt with an award for property owned by an individual and a corporation where the only proof indicated there might be unity of ownership. The individual owner of one parcel held the office of president of what appeared to be a solely owned corporation which had title to the other parcel. (See *Guptill Holding Corp.* v. *State of New York,* 20 A D 2d 832.)

In unique circumstances such as those, where one individual may well have actual ownership over several parcels, it would be unrealistic to treat the parcels as separately owned. But that is not the situation here where treating separately owned parcels of land as a single tract might result in a windfall of sorts to the party who has interest in one parcel but not in the other.

The record shows that the property was originally in the one owner and was thereafter divided among the claimants. While the ownership remained in members of the same family, such circumstance does not constitute unity of ownership sufficient to sustain an award of severance damages.

In condemnation proceedings where contiguous property, separately owned, is valued as a single tract, an opportunity is afforded for the awarding of damages in a more substantial amount than what would be the fair and reasonable value of the property when separately considered. We are unable to determine from this record whether the awards, standing alone and without consideration to the whole, would be fair and equitable. Consequently, the judgment cannot be sustained.

The judgment should be reversed on the law and the facts and a new trial granted.

GIBSON, P. J., REYNOLDS, TAYLOR and HAMM, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.