COLLINGS, Justice.
The State of Texas and Howard County, in December of 1965, instituted condemnation proceedings, filing with the County Judge of Howard County, a statement in condemnation praying for the appointment of Commissioners to assess damages for the taking of approximately 2.907 acres of land referred to as tract 13 belonging to Ralph W. Gossett, James D. Gossett and Elmer Tarbox, vesting title thereto in The State of Texas, for high *732 way purposes, to be paid for by the County of Howard. Commissioners were appointed and after due notice an award of $114,503.00 was made to defendants for the taking. Thereafter the County of Howard made a deposit of the amount of the award in the registry of the court, asserting that plaintiffs were thereupon' entitled to immediate possession of said property. The defendants withdrew the deposit from the registry of the court. They also filed their exceptions to the award and appealed to the County Court. The trial in the County Court was before a jury and based upon the verdict, judgment was rendered for the defendants for $103,860.11, of which $94,971.69 was payment for land taken and $8,888.42 was for damages to the remainder of defendants’ land and improvements. It was further adjudged and decreed that the County of Howard have judgment against each of the defendants, jointly and severally, for $10,642.89, the amount they had received in excess of the judgment, with 6% interest thereon from January 20, 1966. The defendants have appealed.
In numerous points, appellants contend that the property in question, which is in the City limits of Big Spring, is not subject to condemnation by Howard County in the absence of allegations and proof of consent on the part of the City. They assert that the County Court had no jurisdiction to proceed under Article 3266 Vernon’s Ann.Tex.Civ.St. because Article 1175, Subdivision 19, V.A.T.C.S. vests exclusive dominion and control of public streets in the City of Big Spring; that if Howard County was attempting to proceed under Article 6674n or 6674n-2 V.A.T.C.S. there is no allegation or proof that the City of Big Spring had consented to such proceeding prior to the filing of the petition with the County Judge requesting the appointment of special commissioners; that if the State is attempting to proceed under Article 6674n there is no allegation or proof that Howard County refused to acquire the property necessary for the widening and improvement of the intersection of Gregg and Marcy Drive within the City of Big Spring. These points are overruled.
Plaintiffs’ statement in condemnation was filed on December 28, 1965, with the County Judge of Howard County by the State of Texas and Howard County acting by and through the Commissioners Court of Howard County. The statement contained all the statutory allegations required for condemnation of land in such cases. It recited that the State was “constructing, laying out, and reconstructing a highway” as a part of the State highway system in Howard County and that the survey ran across and upon the land in question which the Highway Commission and the Howard County Commissioners Court had found and determined to be needed for that purpose and that the county had been unable to agree with the owners of upon the value of the land needed or the damages. On January 28, 1966, after due notice, the Special Commissioners appointed by the County Judge convened and after hearing awarded damages to appellants in the sum of $114,503.00. The plaintiffs desired to take immediate possession of the property and Howard County deposited in the registry of the court its check for the amount of the award. The defendants appealed alleging “that the award made by the Special Commissioners does not represent the true value of the property to be taken or the damages accruing to defendants by reason of said proposed acquisition but that in fact such value so found by said Commissioners was grossly and totally inadequate.” Appellants withdrew from the registry of the court the $114,503.00 deposited by Howard County. At the trial, appellants entered into a written stipulation admitting that appellee had “complied with all the prerequisites under the law so that this court has jurisdiction of this cause — and that the only remaining issues in this cause are: (a) the reasonable market value of the land and improve *733 ments taken; (b) damages to the remainder of defendants’ property.”
The record reveals no complaint by appellants in the hearing before the Special Commissioners of the illegality of the taking. There was no showing that the City of Big Spring failed to give its consent. As heretofore noted appellants accepted the benefits of the award by withdrawing the funds deposited. Appellants invoked the jurisdiction of the County Court by appealing thereto and by pleadings filed therein. Appellants did not at the trial make known to the County Court their claim that the County lacked the power to condemn. The record does not present facts which show an illegal taking. We cannot presume the existence of such facts. Under the facts of this record appellants cannot question the power of the county to take their land. County of Jim Wells v. Cook, 410 S.W.2d 325, (Tex.Civ.App.1966). It is well established that the owner of land who accepts the amount awarded by special commissioners in a condemnation proceeding cannot thereafter question the power of the con-demnor to take the land. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477 (1897); State v. Jackson, 388 S.W.2d 924, (Sup.Ct.1965); Luby v. City of Dallas, 396 S.W.2d 192, (Tex.Civ.App.1965, writ ref. n. r. e.).
Our Supreme Court in State v. Jackson, supra, where the State failed to prove facts said to be essential to the jurisdiction of the trial court, stated the law in such cases as follows:
“By accepting the award of the Special Commissioners the Respondent is precluded from contesting the State’s right to take the property. Article 1, § 17 of the Texas Constitution, Vernon’s Ann. St. in part provides that, ‘No person’s property shall be taken * * * for or applied to public use without adequate compensation being made, unless by the consent of such person; * * *.’ After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power. This point was settled by this Court’s decision in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 44 S.W. 476 (1897). See also McConnico v. Texas Power & Light Company, 335 S.W.2d 397 (Tex.Civ.App.1960, wr. ref. n.r.e.), Sacred Gardens of Memory, Inc. v. State, 334 S.W.2d 220 (Tex.Civ.App.1960, no wr. hist.), 22 Tex.Jur.2d 380, Eminent Domain, § 266 — Waiver of right to object to appropriation.”
Appellants contend that the court erred in rendering judgment for appellee because the County Judge was disqualified to appoint commissioners to assess damages and to preside at the trial. They assert that it affirmatively appears from the record that Howard County is the real party at interest herein and that Judge Porter is the presiding officer of the Commissioners Court and also the County Judge. This point is overruled. There is no showing and we do not understand appellants to contend that the County Judge had any interest in the case other than as a taxpayer and as a member of the Commissioners Court. It is held that such remote and problematical interests do not constitute disqualification. The well established authority in Texas is to the effect that under the facts here shown a County Judge is not disqualified to preside over condemnation proceedings. McInnis v. Brown County Water Improvement District No. 1, 41 S.W.2d 741. (Tex.Civ.App.1931, writ refused); Angier v. Balser, 48 S.W.2d 668 (Tex.Civ.App.1932, writ refused); Thompson v. State, 165 S.W.2d 131, (Tex.Civ.App.1942, no writ history); Smith v. Elliott, 149 S.W.2d *734 1067 (Tex.Civ.App.1941); Wagner v. State, 217 S.W.2d 463 . (Tex.Civ.App.1948, writ ref. n.r.e.).
This cause was number 3043 on the docket of the County Court and involved damages for the taking of a portion of a tract of land owned by appellants in equal one-third undivided interests, said land being designated and referred to herein as tract 13. The portion of tract 13 taken amounted to 2.907 acres. The remainder of said tract was 0.583 acres. The tract lies south of Marcy Drive in the City of Big Spring. In numerous points appellants contend that the court erred in refusing to consolidate this cause with cause number 3044 on the docket of the County Court which involves the taking of a portion of a tract of land referred to as tract 14. Tract 14 joins and lies immediately South of tract number 13. The portion of tract 14 sought to be taken is .062 acres fronting on Gregg Street and the remainder is 2.338 acres. Appellants also contend that the court erred in refusing to permit them to introduce evidence showing that they were owners of not only tracts 13 and 14 but also owners of a 12 acre tract immediately South of tract number 14 referred to by appellants as tract number 12. There is ho taking from tract 12. Appellants contend that the three tracts should be considered as a unit and damages assessed to the remainder of the combined tracts suffered by the taking of portions of tracts 13 and 14 and construction of the proposed highway improvements. The three tracts constitute a total of about 18 acres at the intersection of Marcy Drive and Gregg Street in the City of Big Spring and considered as a whole have a frontage of approximately 800 feet along Marcy Drive and about 354 feet along Gregg Street which is also U.S. Highway 87. As heretofore noted, the land being taken in this suit is the approximately three acres out of tract 13 lying along and South of Marcy Drive.
We overrule appellants’ point contending that the court erred in refusing to consolidate this cause (No. 3043) on the docket of the County Court with Cause No. 3044. We also overrule appellants’ points contending that the court erred in refusing to permit the introduction of evidence and to submit their claim for damages to tracts 12, 13 and 14 as a whole under the unity of use doctrine. Appellants’ theory in this connection is that the three parcels of land, tracts 12, 13 and 14, were planned to be used by them in the future for a single purpose, that is, as a shopping center, and that the tracts should be considered as a unit in determining the damages. It is undisputed that the land is not presently so used, but that appellants do plan such a future use thereof.
Appellants are not entitled to the consolidation of the suits and the submission of the consolidated claim involving tracts 12, 13 and 14 under the unity of use doctrine. To justify such a submission and recovery it is required that there be, not only a present or contemplated future unity of use of the land involved but also, a unity of ownership. The following cases indicate the requirement of such unity of ownership. McLennan County v. Stanford, 350 S.W.2d 208, (Tex.Civ.App.1961, no writ history); Calvert v. City of Denton, 375 S.W.2d 522 (Tex.Civ.App.1964, writ ref. n.r.e.); George West Independent School District v. Bartlett, Tex.Civ.App., 211 S.W.2d 1010 (Tex.Civ.App., 1948, writ dismissed). In 4 Nichols, Eminent Domain, page 733, Section 13.31(2) it is stated as follows.
“It is, of course, essential to constitute a single parcel that it be owned in its entirety by one owner or one set of owners.”
In 29A C.J.S. Eminent Domain § 140, p. 595 it is stated that:
“The parcels claimed as a single tract must be owned by the same party, or parties * *
*735 There is no unity of ownership of the lands in question as is required in such cases. Tract 12 was acquired in 1957 and is still owned by Scenic Gardens, Inc. The stockholders of that corporation are Elmer Tarbox, Ralph Gossett and James Gossett. The Gossetts are brothers and Elmer Tarbox is a brother-in-law of Ralph Gossett. As heretofore noted the record indicates that these appellants have at all material times contemplated and planned the building of a shopping center on the land in question. However, a corporation is an entity separate and apart from its stockholders and ownership of stock in a corporation having title to property is not the same as individual ownership by such stockholders. Tract 14 was originally acquired and owned equally by Elmer Tar-box, Ralph Gossett and James Gossett. At the time of the taking of a portion of tract 13, however, tract 14 was owned by Elmer Tarbox and James Gossett, and Ralph Gos-sett owned no interest therein. Tract 13 was acquired and is still owned by all three appellants. Thus there was not the required unity of ownership between tracts 13 and 14 or tracts 12, 13 and 14 to allow recovery by appellants under the unity of use doctrine. Jonas v. State, 19 Wis.2d 638, 121 N.W.2d 235, 95 A.L.R.2d 880 (1963), by the Supreme Court of Wisconsin, illustrates a similar instance of lack of unity of ownership. That case involved the taking of a portion of a tract owned by Mr. and Mrs. Jonas, individually, where an adjoining tract was owned by Jonas & Sons, Inc., a corporation in which the stock was held by Mr. Jonas and his two sons. The court overruled the contention of the property owners that there was a unity of use between the two parcels and that they were entitled to damages to the parcel owned by the corporation. In so holding the court stated the general rule that:
“ * * * in order to allow severance damages where a portion of a parcel or parcels of land claimed as a single unit is taken by condemnation, there must be unity of ownership between the part taken and the remaining part.”
City of Williamstown v. Wallace, 316 S.W.2d 373 (Ky.1958) was a case in which a husband owned a tract of land from which a portion was taken for a city reservoir and the wife owned an adjoining tract, both of which tracts were used and operated by the husband as a unit. It was held that the husband was not entitled to damages for the severance of the remainder of his tract from the wife’s tract in view of the separate ownership of the tracts. McIntyre v. Board of County Commissioners, 168 Kan. 115, 211 P.2d 59, is also a case where a husband and wife owned adjoining tracts as their separate property and a recovery was refused under the unity of use doctrine because of separate ownership of the tracts involved. See also 95 A.L.R.2d pages 894, 895 and 896; 6 A.L.R.2d pg. 1205 ; 29A C.J.S. Eminent Domain § 140, pp. 589, 590 and 591.
In answer to special issues it was found by the jury that (1) the market value of the 2.907 acre portion of tract 13 condemned for highway purposes considered as severed land was 750 per square foot; (2) that the market value of the .583 acre remainder out of appellants’ tract 13 immediately before the taking of the 2.907 acre portion was 750 per square foot and (3) that the market value of the .583 acre remainder of such tract immediately after the taking of the condemned portion was 40$ per square foot. Appellants urge that the above findings are against the great weight and preponderance of the: evidence.
The statement of facts is voluminous,, containing more than 500 pages, and most of the testimony in the record concerns-the question of the market value of appellants’ property at times material and the damages sustained by reason of the taking of a portion thereof. We have considered the entire record in passing upon points concerning the great weight and pre *736 ponderance of the evidence. Briefly summarized, the portion of the record material to the question of market value of the land in question consists of opinion testimony of expert witnesses called by ap-pellee and appellants in support of their respective positions. The witnesses called by appellants testified that the cash market value per square foot of tract 13 at the time of the condemnation was $2.50, $1.95 to $2.10, $1.50 and $1.50. One of the appellants also testified that in his opinion the market value of the tract at the time of the condemnation was $2.50, and that the value of the remainder of such tract after the taking was 2$‡ per square foot. Other witnesses for appellants testified that the remainder of tract 13 after the taking had little or no value. The two witnesses called by appellee testified that the value per square foot of tract 13 at the time of the condemnation was 6()‡ and 55<¡¡, and that the value of the remaining portion after the taking was 45{⅝ per square foot. All of the witnesses for appellants and appellee were examined, cross examined, and testified at great length concerning the basis of their opinions. Among the matters considered and stated as the basis of such opinions were a close inspection of the land involved, the status of the frontage on Gregg Street and Marcy Drive, the highest and best use of the land at times material, the problem of access, and a study of comparable sales.
As a basis for their contention that the finding in answer to special issue number 1 is against the preponderance of the evidence appellants urge, in addition to the testimony above referred to, the fact that the witnesses for appellee who testified that appellants’ property was worth 60‡ and 55¾⅛ per square foot respectively admitted that they had previously been employed by Howard County to make an appraisal of the property in question and in the vicinity, and further admitted that they had placed a value on a piece of property designated as the Brown property, triangular in shape, consisting of approximately one-half acre which is immediately across the street from appellants’ property at $2.25 and $2.08 per square foot, respectively. It is noted that according to the answers to issues 2 and 3 the remainder of defendants’ tract 13 was damaged 35⅜ per square foot. Appellants contend that this is against the great weight and preponderance of the evidence because the evidence shows that the remaining portion of tract 13 will be a long narrow strip of land 33 feet deep along Marcy Drive at the east end and 40 feet at the west end, with a limited use under zoning regulations on Gregg Street, and because the Marcy Drive frontage is so shallow that most of the property is not suitable for any economical use whatever.
Appellants’ points on the great weight and preponderance of the evidence are overruled. The value of the land as found by the jury was different from that stated by the testimony of any of the witnesses. The findings of the jury were, however, supported by ample evidence and are not subject to appellants’ complaint. The fact that the market values found by the jury were closer to the market values testified to by appellee’s witnesses than to the values asserted by appellants’ more numerous witnesses does not require a reversal on the ground that the findings are against the great weight and preponderance of the evidence. Where there is testimony supporting the finding of the jury a judgment based thereon determining compensation or damages for the taking of land will not be reversed merely because there is a preponderance of the evidence adverse to the finding. 22 Tex.Jur.2d p. 443. Housing Authority of City of Dallas v. Shambry, 252 S.W.2d 963, (Tex.Civ.App.1952, n.r.e.); City of Lubbock v. Thiel, 352 S.W.2d 799 (Tex.Civ.App.1961, n.r.e.); Sabine River Authority v. Crabb, 372 S.W.2d 575, (Tex.Civ.App.1963, no writ hist.); Tuttle v. State, 381 S.W.2d 330 (Tex.Civ.App.1964, n.r.e.). The general rule here applicable *737 is stated in 24 Tex.Jur.2d pages 42 and 46 as follows:
“Opinion testimony does not establish any material fact as a matter of law. It is not conclusive, but merely raises an issue of fact to be submitted to the jury, who, in determining the facts, are not bound by the opinions of the witnesses. It is, in fact, the duty of the jury to analyze the opinion and determine the weight to be accorded it. And the weight to be given even expert testimony is for the jury to determine. The jury may accept or reject all or any part of the testimony of experts, at their option. And since the testimony of lay witnesses is usually admissible for purposes of rebutting the testimony of experts, the trier of fact may believe lay testimony that is in conflict with expert testimony, rather than the expert testimony.
The value of an opinion will depend on a number of considerations, including the existence of the facts on which it is predicated, the degree of learning or experience possessed by the witness, the positiveness with which the testimony was given, and whether the witness was interested in the proceeding. Testimony that merely embodies an opinion may also be tested, as to weight, by the other circumstances of the case.”
As heretofore noted appellee’s witness Elliott testified that the value of tract 13 at the time of the taking in 1966 was 55⅜⅛ per square foot. Appellants sought to impeach Elliott by offering a letter written by him in 1963 concerning the value of a tract of land of which tract 13 was a part in which Elliott placed a value on such larger tract of 600 per square foot. The point is overruled. The letter by Elliott referred to a different tract than the one here under consideration although tract 13 was included in the larger tract there appraised. Elliott testified concerning the 1963 appraisal of such larger tract at 60$ per square foot. He stated his opinion and the reasons therefor, and that the value of tract 13 at the time of the taking in 1966 was 550 per square foot. The jury found the value of tract 13 in 1966 to be in excess of the value placed thereon by Elliott in 1966 and in 1963. No reversible error is presented in this point.
In appellants’ 20th point it is contended that the court erred in refusing to permit appellants’ witness Burns to testify as to what he considered comparable sales because he could not testify that the consideration of such sales was all in cash. The assignment of error in the motion for new trial upon which this point is based is as follows:
“The Court erred in rendering judgment for the Plaintiffs in this cause against the Defendants by .reason of the rulings against the defendants on objections and exceptions not specifically contained in this Motion which said rulings on objections to testimony and argument of Counsel appear in the Statement of Facts.”
Any error presented or preserved for consideration under this point is harmless. No reversible error is shown.
In appellants’ 19th point it is contended that the court erred in awarding interest from January 20, 1966 on the excess of the Commissioners’ award over what the jury awarded, asserting that the award of interest from that date is erroneous, as a matter of law, and interest on such excess should be limited to the date of the judgment, which is September 14, 1966. This point is well taken. The judgment is reformed so that interest on such excess begins to run from the date of the judgment. As so reformed the judgment is affirmed.