206 So.2d 344

**ALABAMA POWER COMPANY**

v.

James O. BAKER et al.

2 Div. 488.

Supreme Court of Alabama.

Nov. 9, 1967.

Rehearing Denied Feb. 15, 1968.

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, and Richard H. Poellnitz, Greensboro, for appellant.

Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, and O. S. Burke, Greensboro, for appellees.

LIVINGSTON, Chief Justice.

This appeal is by the Alabama Power Company, the condemner, from the assessment of damages and compensation due the landowners of three separate parcels of land located in Hale County, Alabama. The cause was heard in the lower court by the circuit judge, sitting without a jury.

By stipulation of the parties, the only issue litigated in the circuit court was the amount of damages and compensation to which the owners of the property were entitled. The lands condemned will be referred to as Parcels 3, 4 and 5.

James O. Baker, Aunjell C. Baker, Daniel J. Baker and Norma R. Baker are the owners of a 987-acre farm located in Hale County, Alabama. The Alabama Power Company sought to condemn a right of way 100 feet in width across the farm for transmission-line purposes. While the Bakers owned the land, Roy Patterson, who is made a party to the proceedings, has a first mortgage on the land described in Parcels 3 and 4, and the Federal Land Bank has a first mortgage on the land described in Parcel 5.

An application to condemn the lands in question was filed in the Probate Court of Hale County, Alabama. Three commissioners were appointed to assess the damages and compensation due the landowners. The commissioners reported their findings, in writing, assessing the damages due the owners of the land at $3,000 for Tract 3, $1675 for Tract 4, and $900 for Tract 5. From the final order of condemnation, the Bakers gave notice of appeal to the Circuit Court of Hale County, Alabama.

This cause, or these causes, came on for trial before the circuit court sitting without a jury on testimony heard ore tenus and the following stipulations of the parties:

"It is further stipulated and a request is hereby made by the parties to this cause that in the assessment of damages and compensation in this case, that the Court assess the damages for the taking of the land and rights to easement described in paragraph 3 and 4 of Article 4 of the petition in one assessment, and that the damages and compensation for the taking of the land and right of easement described in paragraph 5 of Article 4 of the petition be assessed as a separate item of damages.

"It is further stipulated by and between the parties to this cause that the total acreage involved in the taking of the land described in paragraphs 3, 4 and 5 of Article 4 of the petition is 19.75 acres.

"It is further stipulated by and between the parties to this cause that all rights that the petitioner and plaintiff, Alabama Power Company, seek to condemn in this proceeding, in addition to the actual taking of the land covered by the right-of-way, shall be considered in the assessment of damages and compensation in this case."

The land condemned in Parcel 3 consists of 9.85 acres, and the land condemned in Parcel 4 consists of 6.3 acres. The land condemned in Parcel 5 consists of 3.6 acres. While the three parcels of land are treated separately, all three parcels are a part of the Bakers' 987-acre farm.

Martin Turner, a witness for the appellees, testified that in his opinion the value of the entire 987-acre farm, together with the improvements, was $238,800 before the taking, and $208,800 after the taking; making a difference of $30,000.

Roy Patterson, one of the appellees, testified in effect, that the damage done by

the taking was $25,000, and that the Bakers were due that much compensation.

J. W. Eddins testified that the entire farm, including improvements, was worth $246,925 before the taking. He further testified that in his opinion the appellees had been damaged at least ten per cent of their entire holdings, and that their damage and compensation should be $24,692.50.

Other witnesses for appellees testified to similar amounts.

■ Appellant concedes that the trial court was correct in making separate assessments as to Parcels 3 and 4, and Parcel 5, but argues "the verdict could not possibly be supported by the evidence in view of the fact that the only witness at the trial whose testimony showed compensation due in separate amounts for separate parcels was appellant's witness Mr. W. C. Waldrop, all the witnesses for appellees having given only one amount due for the three parcels combined and it being impossible to separate any of their figures in any logical fashion between the parcels."

There is no merit in this contention because of the stipulation made at the beginning of the trial, quoted hereinabove.

At no time during the trial did appellant ask that either Parcel 3, 4 or 5 be considered separately. All of appellees' witnesses treated the land as one tract. Appellant's only witness, W. C. Waldrop, stated separate amounts to be paid for each of the three parcels, but he placed the same value, $200 an acre, on the condemned land in each parcel. He also testified to the before-taking and after-taking value of the entire farm.

It is true that the witnesses did not specify separate value for different parcels, but all the evidence shows that the value per acre of all the parcels was substantially the same, and it is apparent that the trial court found damages and compensation for the entire tract and then assessed damages and compensation for Parcels 3 and 4, and

Parcel 5, based on the number of acres condemned in each parcel. The total number of acres condemned was 19.75 acres. The condemned land in Parcel 5 was 3.6 acres. It is clear enough that Parcel 5 contained approximately 18.228 per cent of the total right of way, and that 18.228 per cent of the total aggregate damage of award of $23,000 is $4,192.44. The trial court gave as damages and compensation due appellees $4,192.50 for Parcel 5.

The cases cited by appellant Kennedy v. State Highway Department, 108 Ga.App. 1, 132 S.E.2d 135; Kessler v. State, 21 A.D.2d 568, 251 N.Y.S.2d 487; State Highway Commission v. Fortune, 77 S.D. 302, 91 N.W.2d 675; and McIntyre v. Board of County Commissioners of Doniphan County, 168 Kan. 115, 211 P.2d 59, are not apt authority since no such diversity of ownership is present in the instant case.

Appellant argues that the court erred in overruling applicant's motion to exclude, separately and severally, each of the opinions of damages stated by the witnesses for the defendants, each of such witnesses, separately and severally, having employed illegal measures of damages in reaching their said opinions and said motion being made on such grounds.

■ Appellant actually made two motions to exclude. The court did not err in overruling either of them. Without commenting on the legality or illegality of most of the evidence as to the damages of appellees, we first point out that appellant's motions to exclude came after the appellees had rested their case and some of the witnesses had already been excused.

In Phillips v. Shotts, 195 Ala. 20, 71 So. 94, this Court stated:

"We cannot put the trial court in error for failing to sustain a motion to exclude the evidence of the defendant that he made a deed to the land to Haley. In the first place, the witness testified to this fact several times, and there seems to have been no objection whatever at

the time, and the motion to exclude this part of the evidence appears not to have been made until the close of all the evidence. If the evidence had been bad, it should have been objected to when the question was asked or when the evidence was given. * * *"

In Louisville and N. R. Co. v. Sunday, 254 Ala. 299, 48 So.2d 216, the witness, on cross-examination, testified to facts of which his knowledge was derived from the unsworn statements of others. On redirect examination, the witness repeated what he said on cross-examination. At this point, counsel for defendant moved to exclude such statement on the ground that it was based on what someone told the witness. This motion was overruled. When assigned as error on appeal, we held that the motion came too late.

Both of appellant's motions to exclude came too late. The motions are also too inclusive and the second or last motion is ambiguous. There was no error in overruling the motions.

While we make no comment on the legality or illegality of the evidence, because no objection was seasonably interposed and the motions to exclude came too late, we observe here that parties may try their cases on illegal evidence. If they choose to do so. Hill v. Condon, 14 Ala.App. 332, 70 So. 208.

█ Furthermore, parties have the right to try their causes upon such issues as they choose, and judgment must be pronounced in accordance with the issue so made between them. Dennis v. Hines, 262 Ala. 541, 80 So.2d 616; Glass v. Meyer, Son & Co., 124 Ala. 332, 26 So. 890; Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311, and Pridgen v. Shadgett, 244 Ala. 167, 12 So.2d 395.

In view of the above, we see no point in discussing the questions raised by appellees' motion to dismiss the appeal or affirm the decision of the lower court.

Finding no reversible error in the record, the case is due to be, and is, affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.