472 P.2d 939

STATE of Utah, By and through its ROAD
COMMISSION, Plaintiff and Appellant,

v.

Betty LeSOURD, a woman; Alex Davies and
Thelma Davies, his wife, and Valley Bank
And Trust Company, Defendants and Re-
spondents.

STATE of Utah, By and through its ROAD
COMMISSION, Plaintiff and Appellant,

v.

Alex DAVIES and Thelma Davies, his wife;
Summit County, Defendants and
Respondents.

No. 11866.

Supreme Court of Utah.

July 23, 1970.

Vernon B. Romney, Atty. Gen., Brant H. Wall, Special Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Robert S. Campbell, Jr., Stewart M. Hanson, Jr., Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This appeal involves the question of whether the defendants can recover severance damages to land which they do not own in fee although they have quiet and peaceable possession thereof and use the same as an integrated part of adjoining land which they do own when there is a condemnation of some of the owned land.

The defendant Bank owns a mortgage on the land in question.

At the beginning of the trial counsel for the defendants stated that his clients would claim severance damages to some nonowned land of which they had peaceable possession for 15 years.

The trial court ruled that the individual defendants could recover severance damages to all land of which they were in peaceable possession under color of title "unless the state has the witnesses * * * who can come before this court and claim an interest in subject lands."

The proposed color of title to the non-owned land grew out of a deed from Mr. and Mrs. Davies to their daughter, Mrs. LeSourd, some two years prior to the commencement of this action. The deed reserved a life estate to the grantors. The defendants only paid taxes on the land for the two years following the execution and delivery of the deed. They did not comply with the law as set forth in Article I, Chapter 12, Title 78, U.C.A.1953, so as to be able to obtain title by adverse possession.

The trial court awarded damages to the defendants in the amount of $65,990 based upon his findings as follows:

Fair market value of 6.27 acres before condemnation .......... $80,701.00  
Fair market value of the remaining 5.85 acres after condemnation .......................................... 14,709.00  
Total damages ................ $65,992.00

It is not possible to ascertain from the findings how much of the award was severance damages to the nonowned land. This would concern us only if such damages are not recoverable by one in peaceable possession of nonowned land.

The case of Campbell v. New Haven, 101 Conn. 173, 125 A. 650 (1924), is appropos here. There the landowner had been in possession of a tract of land for less than 15 years, the required time to acquire title by adverse possession. He claimed an in-

terest in the land because of his long peaceable possession and the likelihood of soon acquiring an adverse title. The court held that whether a prospective purchaser would pay more for the tract of land because of the probability that possession might ripen into title by adverse possession was "too speculative and too uncertain and remote a probability" to be considered by a court in assessing just compensation for the taking of a part of another tract of land used in connection therewith.

In East Bay, etc. v. Kieffer, 99 Cal.App. 240, 278 P. 476 (1929), it was held that a landowner could not recover severance damages for land on which he had an unexercised option to purchase even though the two tracts were used as an integrated unit.

In the case of McIntyre v. Board of County Commissioners, 168 Kan. 115, 211 P.2d 59 (1949), a husband owned 80 acres of land and his wife owned an adjoining 80-acre tract. Both tracts were used as a unit farm. However, the husband was not allowed to recover severance damages to his 80 acres because of the taking of a part of his wife's land.

A trespasser in peaceable possession of land is entitled to maintain that possession against all the world except as to those who have a better title. While he may maintain that possession, he should not be permitted to recover any severance damage thereto when his possession is not disturbed.

The record here shows that the defendants are not the owners in fee of some of the land in their possession. That possession has not been disturbed by the condemnation proceedings. Their title may ripen into one by adverse possession, but until it does they cannot recover severance damages thereto.

The judgment is reversed and the case remanded with directions to the trial judge to eliminate from his findings and judgment all severance damages awarded for the non-owned land if he now can do so—otherwise a new trial is ordered.

No costs are awarded.

CROCKETT, C. J., and TUCKETT, J., concur.

CALLISTER, J., concurs in the result.
HENRIOD, J., not participating.