493 P.2d 631

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

**v.**

**Betty LeSOURD, a woman, et al., Defendants and Respondents.**

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

**v.**

**Alex DAVIES and Thelma Davies, his wife, Summit County, Defendants and Respondents.**

**No. 12471.**

Supreme Court of Utah.

Jan. 27, 1972.

---

1. Julius Caesar, Act 3, Scene 2.

**118**

Vernon B. Romney, Atty. Gen., Brent H. Wall, Spec. Asst. Atty. Gen., Salt Lake City, for plaintiff-appellant.

Robert S. Campbell, Jr., Stewart M. Hanson, Jr., Irving H. Biele, Salt Lake City, for defendants-respondents.

HENRIOD, Justice:

Appeal from an amended judgment prompted by our decision in State By and Through Road Commission v. LeSourd, 24 Utah 2d 383, 472 P.2d 939 (1970), remanding the case "with directions to the trial judge to eliminate from his findings and judgment all severance damages awarded for the nonowned land if he now can do so —otherwise a new trial is ordered." Affirmed, with no costs awarded.

Upon examination of the record in this second appeal, we are of the opinion that the court, after a number of hearings, arguments and pretrial procedures, complied with the mandate of this court, reducing the judgment by $5800 plus interest at 8% thereon from date of judgment.

It is conceded by us that our mandate, in a sense, threw into a similar and proportional imbalance, some of the testimony of a number of the appraisers, none of whom based his opinion, however, on the same acreage representing that actually owned by the defendants upon which the capital improvements were situate, and which, combined, represented the bulk of the judgment value-wise. Only one appraiser based his opinion on the exact acreage owned by defendants and upon which the capital improvements were situate, but this ap-

praiser differed in approach to and opinion as to the severance value of the land erroneously included in the judgment, because defendants had no ownership thereof and hence not entitled to damages therefor.

It appears to us that in an effort to comply with our mandate the trial judge, who is entitled to wide discretion, had ample evidence before him, that in his re-evaluation of that portion of the nonowned property, the $5800 reduction was supported by competent, believable facts, which he as arbiter of the facts may pick and choose and essay in arriving at his result, save in the unusual case where he errs in arriving at a result supported by no credible or other evidence,—where, perhaps, unreality is the end product of emotion or unreason. We think this case is not one of the latter type, but one where the presumption of correctness of the trial court's conclusion, which we must indulge along with a review of the facts reflected in the record most supportive thereof, must prevail.

The State, in two points on appeal, says 1) that the trial court erred in finding that the nonowned land could be eliminated from the judgment, and 2) that the landowners did not sustain their burden of proof re compensable damages for the taking. As to 1): We not only disagree with such urgence but suggest that this point well may have addressed itself to and might have been the proper subject for canvass on petition for rehearing in view of the wording and nature of our mandate. As to 2): It appears that the contention there goes beyond the scope of our remittitur and appears to be in the nature of a belated motion for a new trial of issues already resolved in the previous case. If granted, it would constitute a trial de novo that would have the effect of emasculating our former decision, to the delight of our critics and to the wounding of our possible unwarranted sensitivity in reversing ourselves completely and, as here, the trial court partially.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.